**EMMETT RICHARDS, Plaintiff**

**v.**

**ALPHONSO CHRISTIAN, et al., Defendants**

Civil No. 369-1973

District Court of the Virgin Islands

Div. of St. Croix

October 11, 1973

NEIL J. WARD, Christiansted, St. Croix, V.I., *for plaintiff*

VERNE A. HODGE, Attorney General (by CURTIS E. TARTAR, Deputy Assistant Attorney General), St. Thomas, V.I., *for defendants*

YOUNG, *District Judge*

## MEMORANDUM OPINION AND ORDER

Petitioner Richards has alleged a number of procedural irregularities in his dismissal from the police force and seeks a Writ of Review, 5 V.I.C. § 1421. The Government, correctly pointing out that the grant or denial of a Writ under § 1422 is distinct from the substantive review itself under § 1423, has moved to dismiss the petition, and alternatively for summary judgment.

The circumstances complained of by petitioner are as follows:

1. The almost two year delay between the alleged infractions by the petitioner and the bringing of charges against him;

2. The use of an extra-record psychiatric report by the Police Review Board (PRB) and by the Commissioner of Public Safety in his dismissal decision;

3. The reliance by the Commissioner on the findings and recommendations of the Police Review Board (PRB),

which this Court has held to have been unlawfully constituted during this time;

4. Dismissal in the face of the Rules and Regulations of the Department of Public Safety, which provided only for short suspensions as to the charges against petitioner; and

5. A further delay of over two years by the Government Employees Service Commission (GESC) in rendering a decision on petitioner's appeal from his dismissal by the Commissioner as provided in 3 V.I.C. § 530.

█ To begin with, the Government argues that nos. 1–4 are not reviewable because they "do not allege errors of the [GESC] from which petitioner might seek review." This contention is clearly incorrect; review necessarily entails an assessment of the entire decision-making process. Section 1421 provides for review of "any proceeding before or by any officer, board, commission, authority or tribunal" and states that "the court may review any intermediate order involving the merits necessarily affecting the decision or determination sought to be reviewed." Nor can the possibility that the PRB functioned unlawfully in this case immunize its actions from review, as the Government seems to assert. Therefore, all five of petitioner's points are cognizable by this Court.

█ I turn now to the question whether any or all of these five contentions justify issuance of a Writ. Section 1422 provides that the writ "shall be allowed in all cases . . . where the [administrative organ] in the exercise of his or its functions appears to have exercised such functions erroneously, or to have exceeded his or its jurisdiction, to the injury of some substantial right of the plaintiff." I view this language as giving this Court wide discretion to eliminate frivolous or legally nonmeritorious appeals at the pleading stage, before issuance of the writ and review of the full administrative record. However, in this preliminary endeavor, which procedurally comes in the form of a

motion to dismiss, "I must take the facts as stated by the plaintiff as true." Felix v. Government of the Virgin Islands, 3 V.I. 399, 401, 167 F.Supp. 702 (D.C.V.I. 1958).

■ On this standard, the easiest of the petitioner's contentions to dispose of is no. 4. Taking the allegation that the dismissal was contrary to Police Disciplinary Regulations as true, it necessarily follows that the Writ must issue. "For it is settled that an attempted discharge of a government employee is invalid if it is in violation of the applicable procedural law or regulations." Felix supra, 3 V.I. at 416–17, citing Service v. Dulles, 354 U.S. 363, 388–89 (1957).

■ Likewise, contentions nos. 1 and 5 justify issuance of a Writ. Arbitrary and unreasonable delay, such as to deprive the petitioner of an adequate remedy, is a clear deprivation of due process.[1] See United States v. One Carton Positive Motion Picture Film Entitled "491", 247 F.Supp. 450 (S.D.N.Y. 1965), rev'd on other grounds, 367 F.2d 889. While in the Virgin Islands one soon becomes inured to bureaucratic incompetence, still the two years which the GESC needed to produce a three-page decision is incredible. Indeed, the statute governing GESC procedures, 3 V.I.C. § 530, seems to cry out for expedition. It is hard to believe that petitioner has not been prejudiced by the untoward delay.

■ Petitioner's contention no. 2 presents a more difficult issue. The use of extra-record matter by an agency is often highly objectionable and a violation of due process. E.g., United States v. Abilene & S. Ry, 265 U.S. 274 (1924); Ohio Bell Tel. Co. v. Public Util. Comm'n, 301 U.S. 292 (1937); Greene v. McElroy, 360 U.S. 474 (1959). However, in the context of the present case I believe it was not error for the Commissioner and PRB to consider the

---

[1] The Government appears to be under the delusion that the Sixth Amendment right to a speedy trial could be an issue in this case. It could not.

psychiatric report in their determinations. In the first place, the Commissioner's decision itself was not required to be the product of a hearing, and he was not restricted to the information provided by the PRB, whose functions I have held should have been solely investigatory. Almestica v. Department of Public Safety, Civ. No. 475/1972 (D.C.V.I. Apr. 2, 1973). See 3 V.I.C. § 530(a). Secondly, the use of the report was mentioned by the PRB in its findings and recommendations, and could have been challenged and its contents rebutted at the subsequent GESC hearing at which petitioner had subpoena powers. 3 V.I.C. § 530(b). Such an opportunity cures earlier use of extra-record matter. American Trucking Assoc. v. Frisco Transp. Co., 358 U.S. 133, 144 (1958). Finally, it may be pointed out that recent developments in "rudimentary" administrative due process indicate that off the record considerations may have some place in administrative proceedings. Especially when subjective determinations and sensitive information are involved, as in the present case, the use of extrinsic evidence may be permissible. Compare Goldberg v. Kelly, 397 U.S. 254, 270–71 (1970) with Morrissey v. Brewer, 408 U.S. 471 (1972). See 86 Harv. L. Rev. 95, 103 n. 43 (1972). Therefore, a Writ of Review will not be justified by petitioner's contention no. 2.

■ The third objection to the administrative procedure in this case is also rather difficult to assess. In Almestica, supra, I held that the PRB had been illegally created and stayed its further proceedings. This decision, however, was not intended to render void all past decisions in which the PRB had played a part. That the PRB was in some respects acting unlawfully (e.g., in compelling the appearance of officers at its hearings) does not reflect on the reliability of the information which it generated for use by the Commissioner in his dismissal decision. I am especially reluctant to find that its participation fatally tainted the deci-

sion-making process where there was an opportunity for a full GESC hearing subsequently. Under 3 V.I.C. § 530(a) the only procedural requirement imposed upon the Commissioner is that he provide a written list of reasons for a dismissal. The Commissioner must have broad authority to ferret out and punish police misconduct. I cannot hold that his unlawful creation and use of the PRB nullified this authority in the present case. Consequently, the petition for a Writ of Review as to no. 3 is also insufficient.

## ORDER

Consonant with the above Memorandum Opinion, the defendants' Motion for Dismissal is DENIED as explained in the above Opinion.

Since this case is not ripe for summary judgment the defendants' written motion and plaintiff's oral motion for summary judgment are DENIED.

The Government will have 30 days to prepare and provide the parties with a full administrative record. Petitioner's brief will then be due in 20 days, and the Government will have 10 days to reply. These briefs should address themselves to the issues whether petitioner's dismissal was in contravention of the Department's Rules and Regulations, what were the legal consequences of the long delays in the decision-making process, and what the remedy for such delays should be. The parties should also submit affidavits on the question of whether petitioner was in any way prejudiced by the delay and whether he has obtained other employment so as to mitigate his loss of wages.