ALLAN SCHUSTER, ALMERIC E. BASCOMBE and ROY BECKLES, Plaintiffs

v.

ELEANOR L. THRAEN, et al., Defendants

Civil No. 79/243

District Court of the Virgin Islands

Div. of St. Croix

January 26, 1981

289

BERTRAM CHARLES, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

ALEXANDER A. FARRELLY, ESQ., St. Thomas, V.I., *for defendant Thraen*

ROBERT L. KING., ESQ. (Government Employees Service Commission), Charlotte Amalie, St. Thomas, V.I., *for defendant Millin*

WILLIAM C. MURRAY, JR., ESQ. (Office of the Attorney General), Christiansted, St. Croix, V.I., *for defendant Government*

FINCH, *Judge By Designation*

## MEMORANDUM OPINION WITH ORDER ATTACHED

### I

This is an action for "Declaratory Judgment, Writ of Review, Civil Rights Violation and Damages". Motions to dismiss the amended complaint are before the court.[1] The motions will be denied in part and granted in part.

This action arises from the dismissal of the three plaintiffs from their positions as Juvenile Corrections Officers. Plaintiffs have filed a three count amended complaint. Eleanor Thraen, Director of the Youth Services Administration, Leslie Millin, Director of Personnel (hereinafter "Millin" or "Director") and Secretary of the Government Employees Service Commission (hereinafter "GESC"), and the Government of the Virgin Islands are defendants. Thraen and Millin have been sued both in their individual and official capacities.

The amended complaint is not overly specific as to the theories plaintiffs intend to pursue. The amended complaint can be summarized as follows:

> Count I relates the infractions listed by Thraen in her dismissal notice to the plaintiffs; it states a denial of those infractions and goes on to allege ulterior motives for the dismissals. The relief sought is a writ of review to correct the "illegal" dismissals, back pay, attorney's fees and punitive damages in an amount triple the back pay allegedly due.

---

[1] The government and Thraen, in her individual capacity, have motioned to dismiss.

291

Count II alleges that Millin failed to comply with the procedural requirements of 3 V.I.C. § 527, upon his receipt of Thraen's dismissal letters. Count II further alleges that Millin refused to give the plaintiffs an opportunity to be heard on their dismissals. The relief sought is a Declaratory Judgment stating that Millin's actions were illegal, $5,000 compensatory damage per plaintiff and $1,000 punitive damages per plaintiff.

Count III alleges that Thraen and Millin have denied the plaintiffs due process and equal protection, thereby violating the U.S. Constitution. The relief sought is $25,000 compensatory damages (presumably per plaintiff) and $1,000 punitive damages per plaintiff.

■ A motion to dismiss will not be granted simply for lack of clarity in the complaint. ". . . [T]he court is under a legal duty to examine the complaint to determine if the allegations provide for relief on any possible theory. Similarly, it need not appear that plaintiff can obtain the particular relief prayed for, as long as the court can ascertain that some relief may be granted." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil § 1357. There can be no dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts to support his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 46 (1957). The facts as stated by the plaintiff must be taken as true. Abraham v. Hendricks, 1975 St. Croix Supp. 24 (D.V.I.).

As set forth more fully below, the court concludes that plaintiffs have failed to assert a cognizable tort claim; that if plaintiffs can show that they were "regular" employees, plaintiffs have asserted a cognizable statutory claim; that if plaintiffs can show that they were "regular" employees, plaintiffs have asserted a cognizable constitional claim for deprivation of property without due process; that plaintiffs have asserted a cognizable constitutional claim for deprivation of liberty without due process; and the plaintiffs have asserted a cognizable claim for violations of their right of free speech. Further, the court concludes that the action for declaratory judgment must be dismissed and that, in the writ of review action, damages are not available from Thraen and Millin in their individual capacities.

## II

### 1) TORT CLAIMS

Plaintiffs seek compensatory and punitive damages for defend-

ants' alleged wrongful conduct. As the allegations fit no recognized tort, the complaint will be dismissed insofar as it attempts to assert a tort claim.

██ Plaintiffs have neither labeled or otherwise indicated the nature of the tort alleged. The only conceivable tort committed by defendants is that of wrongful discharge. This tort has received limited recognition among the states and has been defined as encompassing only those discharges which are intended to prevent an employee from carrying out some important public policy (see Harless v. First National Bank, 246 S.E.2d 270 (1978)). Without deciding whether the facts alleged might make out a claim of wrongful discharge, the court finds that the constraints of 1 V.I.C. § 4 prevent the recognition of this tort in the Virgin Islands. All allegations of wrongful conduct or injury are not the basis of a tort claim. Without an allegation of a cognizable tort, there can be no relief; accordingly the complaint will be dismissed insofar as it seeks to assert a tort claim against Thraen and Millin (in both their official and individual capacities) and against the government.[2]

## 2) STATUTORY CLAIM

The complaint alleges that defendants failed to follow various statutory procedures in the dismissal of plaintiffs. Such violations can be remedied by this court. 5 V.I.C. § 1421 et seq. Thus if the allegations, taken as true show a statutory violation, plaintiffs have asserted a cognizable statutory claim.

There is a hierarchy of government employee classifications. 3 V.I.C. § 451 et seq. Different employee status provides different dismissal procedures; the more permanent the employee status, the more extensive the procedural safeguards provided. Plaintiffs assert that they were "regular" employees as defined by 3 V.I.C. § 451 and that their dismissal was not in pursuance of 3 V.I.C. § 530. In the alternative, plaintiffs assert that they were "probational" employees

[2] Untimeliness is an alternate ground for dismissing the complaint insofar as it is a tort claim against the government. 33 V.I.C. § 3409(c) sets a 90-day statute of limitations for filing claims or notices of claims in tort actions against the government. The complaint herein was filed more than 90 days after defendant Thraen's alleged misconduct. Although it is possible that defendant Millin's alleged misconduct occurred within 90 days of the filing of the complaint, plaintiff's failure to allege the date of Millin's conduct and failure to respond to defendants' assertion of untimeliness leaves the court no choice but to find the complaint untimely as to Millin's conduct as well. As plaintiffs have made no motion to permit a late filing, as authorized by 33 V.I.C. § 3409, and the complaint alleges no facts which might warrant such a late filing, the 90-day statute of limitations remains in effect and must be enforced.

as provided for in 3 V.I.C. § 527 and that the defendants violated the procedure for dismissing probational employees.

Whether the plaintiffs were regular or probational employees is critical to their statutory claim. Regular employees enjoy extensive safeguards against arbitrary dismissal. Probational employees enjoy fewer such safeguards. The distinction between the two classifications is a matter of time. The probational employee must serve a probational or working test period prior to obtaining regular employee status. The duration of this probational period "shall be not less than two months in the case of appointments from a re-employment list and not less than three months in the case of appointment from an employment or promotional list. The maximum length of the probation period shall be determined by the Director after consultation with the department heads concerned, within the limits prescribed herein." V.I. Rules and Regulations T.3 § 452–161(b). Plaintiffs' memorandum in opposition to defendants' motion to dismiss alleges that the Director failed to determine the specific probational period applicable to the plaintiffs. Plaintiffs had been on the job ten months when they were dismissed. Plaintiffs argue that the Director's omission converts their ten-month employment into regular employee status. Plaintiffs do not cite any authority for this "regular status by default" argument and defendants have failed to answer this argument. It is possible that defendants actually did determine plaintiffs' probational period. It is also possible that defendants failed to determine the probational period for plaintiffs' and numerous other positions. A ruling on plaintiffs' "regular status by default" argument might affect numerous other government employees. The Court declines to make such a ruling at this procedural stage and without further assistance of counsel. Accordingly, for the purposes of the motion before the court, the complaint will be analyzed first as if plaintiffs were probational employees at the time of their dismissal and, second, as if plaintiffs were regular employees at the time of their dismissal.

▮▮▮▮ Insofar as the plaintiffs were probational employees at the time of their dismissal, plaintiffs have failed to allege a statutory claim for which relief is available. The probational employee is afforded minimal procedural protection from arbitrary dismissal: if the department head reports that the employee is unable or unwilling to perform satisfactorily, the Director may recommend to the appointing authority (the Governor) the removal of such employee; the recommendation and reasons for it are required to be entered in

294

the records of the Office of the Director of Personnel. A probational employee has the right to notice and an opportunity to be heard only if the reason for dismissal is fraud or error in the employee's appointment (3 V.I.C. § 527) or the employee asserts that the dismissal was based on nonmerit factors (3 V.I.C. § 531). The only statutory violation alleged is that the Director failed to make any recommendation to the Governor upon receipt of the department head's report of unsatisfactory performance. Plaintiffs do not allege that the dismissal was not approved by the Governor or was effectuated by the Director alone. If the Director failed to make a recommendation a procedural error occurred. However, every procedural error by the government during the dismissal process does not necessitate reinstatement. Innis v. Monsanto, 1979 St. T. Supp. 249 (D.V.I.). The court fails to see how the omission of the Director's recommendation could amount to the prejudice required by Innis, supra. Without condoning the omission, if indeed it occurred, the court finds that the complaint does not allege a cognizable claim based on a violation of plaintiffs' statutory rights as probational employees.

██ Insofar as the plaintiffs were regular employees at the time of their dismissal, the complaint asserts a statutory claim for which relief is available. A regular employee has extensive safeguards against arbitrary dismissal. The dismissal process begins with a written statement of the charges against the employee. The employee must receive this statement. If, within ten days of receipt, the employee appeals the proposed dismissal to the GESC, there can be no dismissal until the GESC has a hearing and renders a decision on the appeal. 3 V.I.C. § 530; Gunthorpe v. GESC, 11 V.I. 103, 105–6 (D.V.I. 1974). The complaint alleges that plaintiffs were denied an opportunity to be heard on their dismissals. The denial of a hearing upon a regular employee's timely notice of an appeal of his or her dismissal is a violation of 3 V.I.C. § 530 and is of sufficient prejudicial effect to warrant relief; accordingly, the complaint will not be dismissed insofar as it asserts a claim based on a violation of plaintiff's statutory rights as regular employees.

### 3) CONSTITUTIONAL CLAIMS

The complaint alleges that plaintiffs were discharged from their governmental employment without proper procedure, for false and stigmatizing reasons and as punishment for plaintiffs' comments on inefficiencies in the Juvenile Corrections Facility. The constitutional claim is asserted only against defendants Thraen and Millin in their

individual capacities. The complaint raises three possible constitutional claims: deprivation of a property interest without due process, in violation of the 14th Amendment of the U.S. Constitution;[3] deprivation of a liberty interest without due process, in violation of the 14th Amendment of the U.S. Constitution;[4] and punishment for the exercise of the right of free speech, in violation of the 1st Amendment of the U.S. Constitution.[5]

### 14th Amendment: Property Interest

■ The Constitution does not create property interests, but protects established entitlements. Leis v. Flynt, 439 U.S. 441 (1978). Although not exclusive, the primary source of property rights is state law. Quinn v. Syracuse Model Neighborhood Corporation, 613 F.2d 438 (2d Cir. 1980). Once a property interest is vested, the 14th Amendment protects that interest from arbitrary governmental deprivation.

■ Plaintiffs must leap two hurdles to demonstrate a cognizable property interest/due process claim: first, they must establish that a property interest existed; second, they must demonstrate that due process was violated in the deprivation of that property interest. The due process required varies with the property interest at stake. Cafeteria and Restaurant Workers v. McElroy, 367 U.S. 886 (1961). Since the plaintiffs' status at the time of their dismissals determines the property interest in question, and thus the due process required, the court is compelled once again to make two examinations: one based on the plaintiffs as regular employees and the other based on the plaintiffs as probational employees.

■ ■ Insofar as the plaintiffs were regular employees at the time of their dismissals, the complaint asserts a cognizable property interest/due process claim. Prior decisions indicate that a regular employee has a property interest in his or her job.[6] Local statutes

---

[3] Made applicable in the Virgin Islands by § 3 of the Revised Organic Act of 1954 (as amended).

[4] See note 3, supra.

[5] See note 3, supra.

[6] In Simmonds v. GESC, 10 V.I. 439 (D.V.I. 1974) the court stated that it was "closely balanced" whether a property interest was created by five years employment in a "temporary" status. Temporary employees are afforded virtually no statutory job security. If a "temporary" might have a property interest in his job, a regular employee certainly has such a property interest. In Abraham v. Hendricks, supra, the court recognized that a constitutional question existed as to whether a

have created a clear and legitimate expectation of continued employment for regular employees, absent a showing of cause for discharge. The court concludes that a regular employee has a claim of entitlement thus a property interest in his or her position. (See Barry v. Barchi, 443 U.S. 55, n.11 (1979).) Plaintiffs allege that the only due process they received was notice of the cause of their dismissals. Without deciding whether the Constitution requires a pretermination hearing on the dismissal of a regular employee, the court finds that the denial of any hearing to a dismissed regular employee violates the due process clause of the 14th Amendment. Accordingly, as regular employees, plaintiffs have aserted a cognizable constitutional claim.

A more difficult question is whether a probational employee has a property interest in continued employment. The court concludes that this question need not be resolved because, even if due process attaches to probational employment, its requirements have been met in this case.

 In Grausam v. Murphy, 448 F.2d 197 (3d Cir. 1971), the Third Circuit examined the constitutional implications of the dismissal of a probational employee of the State of Pennsylvania. The court examined the competing interests of the probational employee and the state and concluded that due process requires no more than notice of dismissal and the availability of a post-termination hearing on the issue of discrimination on the basis of nonmerit factors.[7] In the matter sub judice, plaintiffs received notice of their dismissals and an explanation of the reasons for the dismissals. Plaintiffs have a right to a hearing if they believe that their dismissals were based on nonmerit factors. 5 V.I.C. § 531. The court concludes that even if

---

pre-termination hearing was required in the dismissal of a regular employee. In that case the court was examining the second hurdle: what due process is required. It avoided the constitutional question by finding that statutorily required procedures had been violated. Implicit in the Abraham decision is a recognition that regular employees overcome the first hurdle: they have a property interest in their jobs. See also Romney v. Rimple (Civ. No. 72/145) 1974 St. Croix Supp. 146 (D.V.I.).

[7] The Grausam, supra, decision was made during a brief period when it was thought that the "rights" vs. "privileges" distinction was dead and that due process attached to all governmental employment. The distinction was revived in the guise of "entitlements" vs. "benefits" and the Supreme Court has made it clear that due process does not attach to all governmental employment. Bishop v. Woods, 426 U.S. 341 (1976). Although the Grausam assumption that due process attaches to probational employment may no longer be valid, the Third Circuit's analysis of what procedures are required if due process does attach has not been altered by any subsequent decisions and thus controls the matter before the court.

due process applies to the dismissal of a probational employee, the procedures afforded plaintiffs meet the requirements established by Grausam. Accordingly, insofar as the plaintiffs were probational employees, the complaint fails to assert a cognizable property interest/due process claim.

### 14th Amendment; Liberty Interest

■ The 14th Amendment of the U.S. Constitution protects individual's "liberty" interest. "The 'liberty' protected by the 14th Amendment is 'broad indeed' . . . [and] it is well settled that an individual's liberty can be implicated when a governmentally imposed stigma restricts his ability to seek and obtain employment." Quinn, supra, at 445–46 (citing Board of Regents v. Roth, 408 U.S. 564 (1972)). This liberty interest is deprived without due process of law when a governmental entity:

1) in the course of terminating an individual's employment, Paul v. Davis, 424 U.S. 693 (1976)
2) prepares a report which is
3) false, Codd v. Velger, 429 U.S. 624, 628 (1977)
4) published, Bishop, supra at 348–49
5) and stigmatizing, Roth, supra at 573
6) and the governmental entity fails to give the individual notice and an opportunity to be heard on the contents of the report. Thompson v. Bass, 616 F.2d 1259 (5th Cir. 1980); Quinn, supra at 446; Roth, supra at 573 n.12. (See Sewer v. Government of the Virgin Islands and Darlin Brin, 17 V.I. 597 (D.V.I. 1980).)

■ Plaintiffs have asserted a valid liberty interest/due process claim. They allege that defendant Thraen sent them notices of dismissals which cited various reasons for the dismissals. The reasons cited might be stigmatizing, particularly in plaintiffs' field of Juvenile Corrections. Plaintiffs allege that the reasons cited for the dismissals were false. The reasons for the dismissals must be entered in the Records of the Office of the Director of Personnel. 3 V.I.C. § 527. Plaintiffs allege that they were afforded no hearing on their dismissals. Accordingly, regardless of plaintiffs' employment status at the time of their dismissals, the complaint asserts a cognizable constitutioned claim.

### 1st Amendment

■ ■ An individual is entitled to relief if he or she is discharged from governmental employment as punishment for exercis-

298

ing 1st Amendment rights of free speech. Perry v. Sindermann, 408 U.S. 593, 597 (1972), this 1st Amendment protection is not conditioned on the nature of the individual's employment at the time of the dismissal. Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977). However, not all speech rises to a level requiring constitutional protection. The question of whether the speech of a government employee is protected entails striking "balance between the interests of the (employee), as a citizen, in commenting on matters of public concern, and the interest of the state, as an employer, in promoting the efficiency of the public services it performs through its employees." Pickering v. Board of Education, 391 U.S. 563, 568 (1968). Plaintiffs have the burden of showing that their speech was constitutionally protected and was a motivating factor in defendants' decision to dismiss them. If plaintiffs meet their burden, defendants then have the burden of showing that they would have dismissed the plaintiffs even in the absence of the protected speech in question. Mt. Healthy, supra.

■ Plaintiffs allege that, in the past, they had called attention to inefficiencies at the Juvenile Corrections Facility and that the real reason for their dismissals was defendant Thraen's desire to conceal those inefficiencies. The complaint alleges enough to make a cognizable 1st Amendment claim. Plaintiffs' burden at trial may be difficult, but difficulty of proof is not sufficient basis to dismiss a claim.

### III

Having determined that the complaint asserts various cognizable claims, it is necessary to examine some of the specific remedies sought. As noted, the complaint is captioned as an "Action for Declaratory Judgment, Writ of Review, Civil Rights Violation and Damages". Plaintiffs each seek:

—reinstatement
—back pay
—punitive damages from Thraen in an amount three times the sum of the back pay due
—attorneys' fees
—a declaratory judgment finding Millin's actions illegal
—$5,000 compensatory damages from Millin
—$1,000 punitive damages from Millin
—$25,000 compensatory damages from Millin and Thraen

The specific remedies sought are somewhat haphazardly attached to

299

the various counts in the complaint. As this action is to proceed, some order must be given to the relief sought. An examination of this court's remedial powers in this case is required.

## A—Relief Available Via Writt of Review

■ A writ of review may issue when a substantial right is alleged to have been violated by a governmental determination. 5 V.I.C. § 1422. Plaintiffs have alleged that both statutory and constitutional rights were violated in their discharge, thus the writ should issue.[8] If, upon review, the allegations are shown to be true, the court has broad powers to remedy the violations:

> . . . the court shall have power to affirm, modify, reverse, or annul the decision or determination reviewed, and, if necessary, to award restitution to the plaintiff, or, by mandate, direct the officer, board, commission, authority, or tribunal to proceed in the matter reviewed according to its decision. 5 V.I.C. § 1423.

These powers must be construed expansively "for otherwise the purpose underlying this statutory grant of authority would be frustrated". Simmon v. Christian, 12 V.I. 307, 309 (D.V.I. 1975). In the past, the court has construed its writ of review powers expansively and, in government employee discipline cases, it has ordered: reinstatement Miller v. Schneider (Civ. No. 78-315) 1977 St. T. Supp. 467 (D.V.I.); a new GESC hearing Emmanuel v. Haizlip (Civ. No. 74-724) 1976 St. T. Supp. 75 (D.V.I.); and back pay minus wages earned during dismissal Innis supra and Richards v. Christian (Civ. No. 73-369) 1974 St. Croix Supp. 30 (D.V.I.). When back pay was ordered the award was assessed against the government. Turnbull v. Holder, 11 V.I. 93 (D.V.I. 1974). In one instance plaintiff sought attorney's fees and costs; the court neither awarded or discussed this relief.

■ Plaintiffs herein seek more than back pay, reinstatement, attorneys' fees and costs. Indeed, plaintiffs seek significant sums (in both compensatory and punitive damages) from Thraen and Millin personally. To permit such relief on a writ of review action would be beyond this court's statutory grant of power and beyond even the most expansive construction of that grant. The empowering statute does mention "restitution" and is unclear as to the source of the restitution, but the creation of a new personal liability for public officials is not justified by the statute's ambiguity. If personal liability

---

[8] See Richards v. Christian, 10 V.I. 221 (D.V.I. 1973) for distinction between the grant of the Writ of Review and the substantive review itself.

can be found against Millin and Thraen, a vehicle other than the writ of review must be employed. Accordingly, the complaint will be dismissed insofar as it seeks money damages from Millin and Thraen in their personal capacities and via the court's writ of review powers. Plaintiffs will be permitted to seek "restitution" and other relief from the government.

## B—Relief Available Via Declaratory Judgment

██ ██ Declaratory judgments give "a means by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy and in cases in which a party who could sue for coercive relief has not done so." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil § 2751. Declaratory judgments are remedies in and of themselves and do not "create" an alternative source for awarding injunctive relief or punitive or compensatory damages. Accordingly, the complaint must be dismissed insofar as it seeks any relief by virtue of a declaratory judgment, other than the judgment itself. Further, an action for a declaratory judgment is inappropriate in this case. The issue for which declaratory judgment is sought must be resolved in determining the statutory and constitutional claims alleged, hence the "stage at which coercive remedies may be sought" has been reached and a declaratory judgment is unnecessary. Accordingly, the complaint will be dismissed insofar as it seeks declaratory relief.

## C—Relief Available For Constitutional Claims

Plaintiffs do not allege the jurisdictional basis for their constitutional claims. As the claims seem to be of the type authorized by 42 U.S.C. § 1983 and this court has entertained such suits in the past, the court will treat the civil rights claims as a § 1983 action and will examine the relief available in terms of § 1983 actions.

"Sec. 1983 provides a remedy for deprivation of any rights, privileges, or immunities secured by the constitution and laws." 13 Wright, FEDERAL PRACTICE § 3573. "The basic purpose of a § 1983 damages award is to compensate persons for injuries caused by the deprivation of constitutional rights, and the common law rules of damages are to be adapted as needed to provide fair compensation for injuries." Id. at § 3573 cumulative supplement. Nominal compensatory and punitive damages are available in actions for deprivation of civil rights. Haque v. Committee for Industrial Organization, 101 F.2d 774 (3d Cir. 1939); International Prisoner's Union v.

Rizzo, 356 F.Supp. 806 (D.C. Pa. 1973); Basista v. Weir, 340 F.2d 74 (3d Cir. 1965). ". . . [I]t is well settled that in (§ 1983) cases recovery runs against the officer himself in his private capacity and not against the government." Ocasio v. Bryan, 6 V.I. 43, 47, 374 F.2d 11 (3d Cir. 1967).

 Thus, it is clear that should plaintiffs succeed in their constitutional claims they would be entitled to nominal damages, compensatory damages if proven and punitive damages if appropriate. These awards would be assessed against Thraen and Millin individually and could not be assessed against the government.

## IV

In sum, defendant's motion to dismiss will be granted to the extent the complaint asserts tort claims and to the extent plaintiffs seek damages from Thraen and Millin in their individual capacities under a writ of review and to the extent the complaint seeks a declaratory judgment. The complaint is sufficient to make out both statutory and constitutional claims and properly seeks relief from the government in the writ of review action and damages from Thraen and Millin in the civil rights action; accordingly defendants' motion to dismiss will be denied as to these latter claims and remedies.

## ORDER

The premises considered and the court being fully informed,

IT IS ORDERED that defendants' motion to dismiss the complaint for failure to state claim for which relief is available (Rule 12(b)(6) Federal Rules of Civil Procedure) be, and hereby is, GRANTED to the extent the complaint asserts tort claims;

IT IS FURTHER ORDERED that defendants' motion to dismiss (Rule 12(b)(6) Federal Rules of Civil Procedure) be, and hereby is, GRANTED to the extent the complaint seeks a declaratory judgment;

IT IS FURTHER ORDERED that defendants' motion to dismiss (Rule 12(b)(6) Federal Rules of Civil Procedure) be, and hereby is GRANTED to the extent the complaint seeks damages from Thraen and Millin in their personal capacity under the court's writ of review powers;

IT IS FURTHER ORDERED that defendants' motion to dismiss the complaint (Rule 12(b)(6) Federal Rules of Civil Procedure) be,

and hereby is, DENIED to the extent the complaint asserts statutory and constitutional claims;

IT IS FURTHER ORDERED that defendants' motion to dismiss the complaint (Rule 12(b)(6) Federal Rules of Civil Procedure) be, and hereby is, DENIED to the extent relief is sought from the Government under the court's writ of review powers and to the extent damages are sought from Thraen and Millin in their personal capacities for civil rights violations.

### ORDER

As per the stipulation signed by the attorneys for the parties in the above captioned matter,

IT IS ORDERED that trial be, and hereby is, continued and rescheduled to February 16, 1981.