**SEA CHEST INC., Plaintiff**

v.

**SANTA CRUZ SHORES AND SPAS, INC., Defendant**

Civil No. 441/79

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

October 30, 1979

GEORGE H. HUBSCHMAN, ESQ., St. Thomas, V.I., *for plaintiff*

GEORGE MARSHAL MILLER, ESQ., St. Thomas, V.I., *for defendant*

FEUERZEIG, *Judge*

### MEMORANDUM OPINION AND ORDER

The defendant has filed a motion to set aside an entry of default and default judgment and for leave to file an answer out of time. Actually, no judgment has been entered. The defendant's default merely has been noted by the clerk pursuant to 5 V.I.C. App. IV, R. 47, the setting aside of

which is addressed to the discretion of the court upon a showing of "good cause" pursuant to 5 V.I.C. App. IV, R. 50 in accordance with Fed. R. Civ. P. 55(c).

A default judgment was not entered by the clerk because plaintiff's moving papers did not comply with 5 V.I.C. App. IV, R. 48(a) in that plaintiff filed neither an affidavit verifying the facts necessary to establish the claim and amount due after deducting credits to which the defendant is entitled nor copies of all papers and book entries relied upon to establish the claim and amount due.

Counsel for defendant asserts in his sworn affidavit accompanying the motion that the filing of a timely responsive pleading was inadvertently overlooked. The delay resulted from his inability to contact the principals of the defendant corporation because they evidently no longer live in the Virgin Islands,[1] from the press of other business, and from the circumstance of recently opening a new office and training a new secretary in office procedures. He asserts further that defendant's answer is merely fourteen days overdue. Defendant's proposed answer, filed with its motion and supporting affidavit, denies the allegations of the complaint and sets forth several affirmative defenses, including a defense on the merits.

A motion to set aside an entry of default will usually be granted if (1) the non-faulting party will not be prejudiced by the reopening, (2) the default was not the result of inexcusable neglect or wilful act, and (3) the defaulting party has a meritorious defense. Shackelford v. Puerto Rico International Airlines, Inc., Civil No. 273-1977 (D.V.I., Div. St. T. & St. J., February 13, 1978). Plaintiff does not allege, nor does the court believe, that plaintiff will be prejudiced by reopening the case. Nor does plaintiff in his memorandum in opposition to defendant's motion

---

[1] The return of service on the record and plaintiff's affidavit show that service on defendant was through the Lieutenant Governor pursuant to 13 V.I.C. § 348 because defendant's resident agent was off-island.

argue that defendant's default was a result of inexcusable neglect or a wilful act. Indeed, the court believes that the assertions of defendant's counsel tend to show excusable neglect. The court notes, however, that the assertions regarding counsel's difficulty in contacting defendant show circumstances of the delay which, being in control of defendant rather than counsel, would more appropriately be addressed by an affidavit of a principal of defendant. The manner in which counsel for defendant shows excusable neglect therefore will not suffice. Bank of America NT & SA v. Quarshie, Civil No. 129-79 (D.V.I., Div. St. T. & St. J., September 19, 1979).

■ Plaintiff argues finally that defendant's defense on the merits "has no basis or effect without supporting affidavit or some other medium of proof and must be rejected" and that the defendant's motion, therefore, should be denied. The court is mindful that showing a meritorious defense is a sine qua non to setting aside a default. Bank of America NT & SA v. Quarshie, supra. However, no default judgment has been entered, and because the court is merely confronted with setting aside a default entry, a more liberal standard is to be applied than in setting aside a default judgment. See generally 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2694 (1973). Thus, the court believes that the non-conclusory assertion of a meritorious defense in defendant's proposed answer is sufficient to set aside the default. Schartner v. Copeland, 59 F.R.D. 653 (M.D. Pa. 1973), aff'd without opin., 487 F.2d 1395 (1974); see Chapman v. Henry A. Dreer, Inc., 14 F.R.D. 218 (E.D. Pa. 1953); cf. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242 (3d Cir. 1951) (motion to set aside default judgment).

■ Defendant has made a sufficient showing of a meritorious defense and an initial showing of excusable neglect.

Moreover, it does not appear that plaintiff will be prejudiced by setting aside the default. Accordingly, upon the submission of an affidavit of defendant showing excusable neglect in failing to communicate with counsel, the motion to set aside the default and for leave to file out of time will be granted

WHEREFORE, it is

ORDERED that defendant submit an appropriate affidavit showing excusable neglect within fifteen days from the date of this order, and it is further

ORDERED that if defendant fails to file an affidavit as directed, the motion automatically will be deemed denied.