**EMMANUEL BONHOMME, Plaintiff/Appellee**

v.

**TERRY FREDERICK ASSOCIATES and PHILLIP ETIENNE, Defendant/Appellants**

Terr. Ct. No. 57/1989

Dist. Ct. No. 209/1989

District Court of the Virgin Islands

Appellate Division

October 12, 1990

ANTOINE L. JOSEPH, ESQ., St. Croix, V.I., *for appellants*

LEE J. ROHN, ESQ., St. Croix, V.I., *for appellee*

BROTMAN, *Acting Chief Judge*

On Appeal from the
Territorial Court of the Virgin Islands

BEFORE: STANLEY S. BROTMAN, *Acting Chief Judge*, District Court of the Virgin Islands, Judge of the United States District Court for the District of New Jersey, Sitting By Designation, JOSEPH J. FARNAN, JR., *Judge* of the United States District Court for the District of Delaware, Sitting by Designation, and IVE A. SWAN, *Judge* of the Territorial Court of the United States Virgin Islands.

## OPINION OF THE COURT

Terry Frederick Associates and Phillip Etienne appeal from the Territorial Court's entry of default and subsequent refusal to vacate the default.

## I. FACTS AND PROCEDURE

Emmanuel Bonhomme hired Terry Frederick Associates, a general contractor, to perform construction work. Terry Frederick Associates in turn hired Phillip Etienne, a mason, to perform certain work. There was no written contract signed by all parties, see Appendix of Appellant at 12–17, and a dispute apparently arose as to the price or the work necessary for the completion of the work. Bonhomme was forced to hire a new contractor to finish the work left unfinished by Etienne.

Bonhomme filed suit and the complaint was served on defendant Etienne on February 9, 1989. By March 10, 1989, Etienne had not

filed an answer or responsive pleading and Bonhomme sought the entry of default. Bonhomme filed an appropriate motion[1] which was mailed by certified mail to Etienne. On March 28, 1989, the clerk of the court entered a default. Etienne filed an answer in April, and plaintiff moved to strike it because of the entry of default. At a hearing on May 11, 1989, Etienne conceded that the answer would be stricken and that the proper procedure was to move to vacate the entry of default.

Etienne apparently neglected to move to vacate the entry of default until the morning of June 7, 1989, when the case was scheduled for trial. At that time, counsel for Etienne was permitted to make the following oral argument before the Territorial Court in support of his motion to vacate the entry of the default:

[I]n the construction industry it is often commonplace that the owner would engage in certain change orders during the progress of the work, that would either result in increase or decrease of the contract price and the time of completion of the work in question.

I believe this is what happened in this matter, Your Honor. That would establish a valid defense for Mr. Etienne.

Additionally, Your Honor, I do not believe that there is any substantial prejudice to the plaintiff in this matter. The plaintiff [sic] having been served on the 8th of February, the witnesses are all residents of the territory. Perhaps they are all present in court today; and there will be no substantial prejudice to the plaintiff in setting this matter aside and allowing this matter to be heard.

Appendix of Etienne at 3–4. Counsel for Bonhomme objected that the opportunity for the filing of the motion to vacate the entry of default had passed, and claimed that vacating the default would prejudice Bonhomme by the amount of unnecessary attorney's fees, subpoena costs, and the wages lost from work as a result of appearing for court for trial. See Appendix of Etienne at 5–7.

The Territorial Court then denied the motion to vacate the entry of default, and the case proceeded to trial on the issue of damages only. Etienne now appeals.

---

[1] In light of the court's disposition of the appeal, it is unnecessary to reach the issue concerning the adequacy of the affidavit and whether that issue was properly preserved.

## II. DISCUSSION

■■ To vacate the entry of default, it is necessary that the movant demonstrate good cause:

> A motion to set aside an entry of default will usually be granted if (1) the non-faulting party will not be prejudiced by the reopening, (2) the default was not the result of inexcusable neglect or willful act, and (3) the defaulting party has a meritorious defense.

Sea Chest Inc. v. Santa Cruz Shores and Spas, Inc., 16 V.I. 557, 559 (Terr. Ct. V.I. 1979) (citation omitted). It is not necessary that the answer establish the defense; it is sufficient if the allegations, if established, would constitute a defense. See Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)).

■ The standard for vacating the entry of a default must be applied in conjunction with the policy of the federal rules to reach the merits of the dispute which gives rise to the litigation. As one authority has articulated the overall approach of the federal rules, "contemporary procedural philosophy encourages trial on the merits." 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2681 at p. 404 (2d ed. 1983). As the Third Circuit has explained the manner in which a court should exercise its discretion to dismiss a case for a procedural violation, "[t]hat discretion should be sparingly used unless the party who suffers [the sanction of dismissal] has an opportunity to cure the default and failed to do so." Horner Equipment Int'l, Inc. v. Seascape Pool Center, Inc., 884 F.2d 89, 93 (3d Cir. 1989).

■ In the instant case, appellant offered to present a defense to the underlying action. Although the proffered defense could be construed to address only the amount of money to be returned, it appears that it was improper to deny the motion to vacate the entry of default. Appellant was attempting to defend against the allegations of the complaint. The claim appears to be that there was a change in the work order so substantial as to materially change, or even rescind, the contract. Given a greater opportunity to explain his claims, defendant might have been able to mount a meritorious defense.

■ The court also notes that the prejudice that had accrued to Bonhomme as a result of Etienne's delay was slight. Etienne had attempted to file an answer two months after the complaint was

388

served; although the answer was untimely and was later stricken, it nonetheless placed Bonhomme on notice of the nature of the defense. Bonhomme claims that the delay resulted in prejudice, but counsel conceded at oral argument that the delay was for a period of only 16 days. This relatively short period of time did not warrant the refusal to vacate the default. Likewise, the motion practice was not so substantial that the Bonhomme's expenses in conducting the litigation could be said to rise to the level of legal prejudice sufficient to warrant the denial of the motion to vacate the entry of default. See Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986) (discussing prejudice in relation to Fed. R. Civ. P. 41).

## CONCLUSION

For the foregoing reasons, the court concludes that Etienne should have been permitted to defend on the merits. The trial court erred in refusing to vacate the entry of default. Accordingly, the court will reverse the judgment of the Territorial Court and the case will be remanded for further proceedings consistent with this opinion.

An appropriate order will be entered.

Each side to bear its own costs.

## JUDGMENT OF THE COURT

This matter is before the Court on appeal from the Territorial Court of the Virgin Islands; and

The Court having considered the submissions of the parties and the arguments of counsel; and

For the reasons set forth in the Court's opinion of this date;

IT IS on this 12th day of October, 1990

ORDERED AND ADJUDGED that the judgment of the Territorial Court is REVERSED.

IT IS FURTHER ORDERED that the case is REMANDED to the Territorial Court for further proceedings.

Each side to pay its own costs.