**R.G. SKINNER; SUSAN M. SKINNER, Plaintiffs/Appellants**

**v.**

**EDGAR A. GUESS, JR.; MICHIKO R. JONES–GUESS, Defend-
ants/Appellees**

No. 1991/0240

District Court of the Virgin Islands

Div. of St. Croix

March 30, 1992

R.G. SKINNER & S. SKINNER, St. Croix, V.I., *plaintiffs/appellants pro se*

E. GUESS & M. GUESS, Los Angeles, CA, *defendants/appellees pro se*

BROTMAN, *Acting Chief Judge*

On Appeal from the
Territorial Court of the Virgin Islands

BEFORE: STANLEY S. BROTMAN, *Acting Chief Judge*, District Court of the Virgin Islands, Judge of the United States District Court for the District of New Jersey, Sitting by Designation; ANNE E. THOMPSON, *Judge* of the United States District Court for the District of New Jersey, Sitting by Designation; and IVE A. SWAN, *Judge* of the Territorial Court of the Virgin Islands, St. Thomas and St. John Division, Sitting by Designation.

## OPINION OF THE COURT

Plaintiffs R.G. Skinner and Susan Skinner appeal from the final order entered on June 14, 1991 vacating the oral default judgment entered against Dr. Edgar A. Guess, Jr. of June 12, 1991. Plaintiffs raise the following four issues on appeal:

1. Whether the trial court erred in entering an order vacating the final judgment entered in favor of the Skinners and against Edgar A. Guess.

2. Whether the trial court erred in applying either the criteria applicable for determining a motion for a new trial or a motion for relief from judgment.

3. Whether the trial court erred in exercising broad discretion inconsistent with the requirements of the law and prejudicial to the Skinners where codified rules of practice and procedure were applicable.

4. Whether the trial court erred in failing to find effective service of process upon Michiko Guess.

The court concludes that the trial court abused its discretion in entering an order vacating the oral default judgment entered in favor

194

of the Skinners and against Edgar A. Guess. The court also finds that the trial court did not err in failing to find effective service of process upon Michiko Guess.

## FACTUAL BACKGROUND

On March 15, 1991, plaintiffs R.G. Skinner and Susan Skinner brought an action for damages incurred as a result of having to pay for the removal of waste material blown onto their St. Croix property from the property owned by the defendants Edgar Guess and Michiko Guess. Edgar and Michiko Guess own a house in St. Croix next to the property owned by the Skinners. Between September 17, 1989 and April 23, 1990, and after Hurricane Hugo completely demolished defendants' house, defendants permitted a couple with their infant child and ten dogs to occupy the lower storeroom area of their house even though the house lacked plumbing and electricity.

On numerous occasions between September 17, 1989 and April 23, 1990, plaintiffs contacted defendants in order to have the debris, raw garbage and excrement removed from the plaintiffs' property which was downwind from the defendants' house and property. The decaying garbage generated an odor and attracted rodents. Defendants refused to require the couple to vacate the premises and refused to clean up the garbage on plaintiffs' property. Instead, defendants directed someone to pile up the garbage and debris into large mounds much of which was placed upon plaintiffs' property. On April 23, 1990, plaintiffs hired a local contractor, Juan Faria III, who removed the debris, raw garbage and excrement for $500.00 Because defendants have refused to reimburse plaintiffs for the costs of waste removal, the plaintiffs commenced this action.

The trial in this case was scheduled for June 12, 1991. On March 25, 1991, defendant Edgar Guess was effectively served with the complaint and the notice of trial as evidenced by his signed return receipt card. During all this time, defendants were residing together in California. On June 7, 1991, defendants mailed a letter requesting a continuance until August 1991 due to Edgar Guess's schedule as a medical doctor. The defendants mistakenly addressed a new Express Mail envelope to the Territorial Court of the Virgin Islands.

On June 12, 1991, before the Territorial Court received defendants' request for a continuance, it severed the cause of action

against the two defendants. The court orally directed the clerk of the court to enter default judgment against defendant Edgar Guess in the principal amount of $500.00 plus interest and costs for a total judgment amount of $619.56. The court ordered substituted service by publication upon defendant Michiko Guess and postponed her trial date until September 4, 1991.

On June 14, 1991, after receiving defendants' request for a continuance, the trial court entered an order vacating the oral default judgment entered against defendant Edgar Guess and continuing the trial to September 4, 1991 as to both defendants. The June 14, 1991 Order states that "the Court received a June 7, 1991 request from both defendants for a continuance of the trial date. Due to the defendants' error, the Court did not receive the request prior to trial. However, in the interest of justice . . . the oral default judgment is hereby vacated."

## DISCUSSION

A. *The Trial Court's Discretion in Vacating a Default Judgment*

Since the first three issues that plaintiffs raise on appeal concern the discretion a trial court judge has in vacating a default judgment, the court will discuss these issues and the applicable law concurrently.

■■ Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . (6) any other reason justifying relief from the operation of the judgment." The Third Circuit has adopted a policy disfavoring default judgments and encouraging decisions on the merits. Harad v. Aetna Cas. and Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988). In close cases, doubts should be resolved in favor of setting aside the default and reaching the merits. Zawadski De Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987). The decision to vacate a default judgment is left to the sound discretion of the trial court which must consider whether vacating the default judgment will "visit prejudice on the plaintiff[s], whether the defendant has a prima facie meritorious defense and whether the default was a result of the defendant's culpable or inexcusable conduct." Id.; Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987); Zawadski at 419–420; Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985).

In this case, the trial court did not make explicit findings concerning the factors it must consider in vacating the default. See Emcasco at 74. In its order of June 14, 1991, the trial court only stated that the oral default judgment against Edgar Guess was to be vacated "in the interest of justice" because of defendants' mailing error in requesting a continuance.

Vacating the default judgment prejudices the plaintiffs. They had prepared for and appeared at trial on June 12, 1991 and complied with all of the trial court's orders. Although the delay "in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening of a default judgment entered at on early stage of the proceeding," Emcasco at 74, this case represents a delay of what is now approximately twenty months since the plaintiffs paid for the waste removal and approximately nine months since plaintiffs filed their complaint.

■ The defendants have not come forward with a prima facie meritorious defense or any defense at all. They have not responded to the allegations presented in plaintiffs' complaint nor have they filed a brief regarding the appeal with this court. A defendant seeking to set aside a default judgment is required to set forth with some specificity the grounds for his defense and the trial court must then evaluate that defense to determine whether it is meritorious. See Harad at 982. The court believes that when the trial court, sua sponte, vacates a default judgment, it must also evaluate the defendant's defense to determine whether or not it is meritorious. Under most circumstances, the trial court would grant a party's request for a continuance and not enter a default judgment when such a request is made in advance. But here, where defendants have not filed a response to plaintiffs' allegations with the trial court or this court, it appears to be an abuse of discretion to vacate the default judgment on the basis of a tardy request for a continuance.

■ A defendant's conduct is culpable or inexcusable if it evinces an attitude of wilfulness or bad faith. Zawadski at 420. Defendants' conduct in waiting until five days before trial to ask for a continuance constitutes bad faith on their part and is thus inexcusable. Defendants were made aware of the trial date in this case in late March. They waited two and a half months before seeking a continuance. No information was given as to the specifics of the

defendants' medical schedule or any emergencies which required a continuance.

For the foregoing reasons, the court holds that the trial court abused its discretion when it vacated the default judgment against Edgar Guess.

B. *Effective Service of Process*

Plaintiffs argue that the trial court erred in failing to find effective service of process upon defendant Michiko Guess. Appellants contend that the written request for a continuance by both defendants indicates that Michiko Guess had actual notice of the complaint and the trial date and is an admission.

■ Section 114(a) of Title 5 of the Virgin Islands Code states in relevant part that "[p]roof of the service of the summons and complaint . . . shall be as follows: . . . (4) The written admission of the defendant." Section 114(a) only applies when service is authorized under the statute governing substituted service by publication. Corporation Insular De Seguros v. West Indies Transport, Ltd., 22 V.I. 31, 33 (Terr. Ct. 1986); see 5 V.I.C. § 112. "In the case of service otherwise than by publication, the . . . admission must state the time and place of service . . ." 5 V.I.C. § 114(b).

■■ Section 114(a) is not applicable in this case since service was attempted by mail and Michiko Guess never stated the time and place of service either in the June 7, 1991 written request or as part of any other admission. The trial court was correct in continuing her trial to a later date since she was not properly served.

## CONCLUSION

For the foregoing reasons, default judgment will be reinstated against defendant Edgar Guess and the case is remanded so that a new trial date can be scheduled for defendant Michiko Guess. An appropriate order will be entered.

## JUDGMENT OF THE COURT

This matter is before the court on the appeal of R.G. Skinner and Susan Skinner from the June 14, 1991 order of the Territorial Court of the Virgin Islands.

After a careful review of the court documents and having considered the submissions of the plaintiffs; and

For the reasons set forth in the court's opinion of this date;

IT IS on this 30th day of March, 1992 hereby

ORDERED that default judgment is REINSTATED against Edgar Guess; and

FURTHER ORDERED that the case is REMANDED so that a new trial date can be scheduled for Michiko Guess.

No costs.