**DEAL FURNITURE & APPLIANCE, INC., NAFEZ SALEM, and NEDAL SALEM, Appellants**

**v.**

**FOUR WINDS PLAZA PARTNERSHIP, Appellee**

D.C. Civ. App. No. 96-68

Terr. Ct. Civ. No. 353-1995

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 2, 1997

RHYS S. HODGE, ESQ., St. Thomas, U.S.V.I., *for Appellants*

W. MARK WILCZYNSKI, ESQ., St. Thomas, U.S.V.I., *for Appellee*

MOORE, *Chief Judge*, FINCH and STEELE, *Judges*

## OPINION OF THE COURT

PER CURIAM

In this appeal, appellants challenge the Territorial Court's denial of their motion to vacate default judgment entered against them. For the reasons cited below, we find that the Territorial Court erred when it failed to properly consider whether appellants' defense was meritorious against the breach of contract claim. We also find that the trial court's failure to rule on the requisite factors before denying the motion to vacate the default constituted an abuse of discretion. This Court will therefore vacate the Territorial Court's Order dated March 12, 1996.

## FACTS

This appeal arises from an attempt to vacate a default judgment awarded to Four Winds Plaza Partnership ["Four Winds"]. The record reflects that on January 5, 1994, Deal Furniture & Appliances, Inc. ["Deal"] contracted to rent commercial lease space from Four Winds. Nafez Salem and Nedal Salem ["the Salems"] personally guaranteed Deal's lease obligations. The 24-page written lease provided for monthly rent of $ 4,500. In the case of payment made six or more days late, Deal agreed to pay a daily penalty fee of $ 100, in addition to an 18% interest assessment for all late rent.

Deal vacated the premises after defaulting under the lease terms, and Four Winds sued Deal and the Salems for $ 38,900 in damages on May 8, 1995.[1] Instead of answering the complaint, Deal and the Salems entered into settlement negotiations with Four Winds. Though the parties disagree whether the resulting oral agreement called for Four Winds to dismiss the lawsuit,[2] Deal tendered payment of $ 1,000 to Four Winds as part of the compromised settlement.[3]

After Deal and the Salems failed to pay the next payment due under the settlement terms, the Territorial Court granted Four

---

[1] Appendix ["App."] at 6.

[2] App. at 69, n.2.

[3] App. at 62A.

Winds' request for entry of default. Four Winds then obtained default judgment on November 2, 1995 in the full amount of $ 38,900. Neither the entry of default nor the default judgment were served on Deal or the Salems.

Upon discovering that default judgment had been entered against them, Deal and the Salems moved to vacate the judgment on December 29, 1995, claiming that Four Winds deceived them into a false sense of security by accepting settlement and their $ 1,000 installment. In their motion, Deal and the Salems contended that the settlement extinguished the original debt and that "mitigating circumstances [existed] which . . . would substantially reduce the judgment amount".[4] Deal and the Salems also claimed that they should have been served with notice of the default.

Four Winds contended that TERR. CT. R. 48 did not require it to serve defendants with a copy of the default, and that Deal and the Salems were not entitled to vacate the default judgment because they did not offer a meritorious defense. Without discussion, and relying entirely on the reasons outlined in Four Winds' opposition, the motion to vacate was denied on March 12, 1996. This appeal ensued.

## DISCUSSION

This Court has appellate jurisdiction over the Territorial Court's final judgment pursuant to V.I. CODE ANN. tit. 4, § 33. Territorial Court Rule 50 entitles the trial judge to set aside the default judgment "for good cause shown" and as guided by FED. R. CIV. P. 59-61. In general, courts disfavor default judgments, preferring instead to decide cases on the merits. *Skinner v. Guess*, 27 V.I. 193, 196 (D.V.I. APP. 1992); *see, e.g., United States v. $ 55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Determining whether to grant a motion to set aside default is based on liberal as opposed to strict interpretation, and "any doubt should be resolved in favor of the petition to set aside the [default] so that cases may be decided on their merits." *Medunic v. Lederer*, 533 F.2d 891, 893-94

---

[4] App. at 61, 63-64 (Affidavit submitted by Deal and the Salems), 66-72 (Opposition submitted by Four Winds).

(3d Cir. 1976) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)); *in accord, $ 55,518.05 in U.S. Currency*, 728 F.2d at 194-95.

The trial court's refusal to vacate a default judgment is analyzed for abuse of discretion. *Skinner v. Guess*, 27 V.I. at 198. Exercise of such discretion is grounded on "whether vacating the judgment will "visit prejudice on the plaintiff[s], whether defendant has a prima facie meritorious defense and whether the default was a result of the defendant's culpable or inexcusable conduct.'" *Skinner v. Guess*, 27 V.I. at 196 (citations omitted); *see Bonhomme v. Terry Frederick Associates*, 25 V.I. 385 (D.V.I. App. 1990). We therefore review each of the requisite factors.

**Prejudice**

■ Deal and the Salems claim that vacating the default judgment will not result in prejudice. Four Winds' observation that appellants were served eight months before default judgment was entered, while it may show delay, does not demonstrate the prejudice described in *Skinner*. The prejudice referred to in *Skinner* is that which is experienced after default judgment has been entered and which would not otherwise be visited upon the judgment creditor. *See Skinner v. Guess*, 27 V.I. at 196; James Wm. Moore, Moore's Federal Practice P 55.10[1], at 55-70, 80, 86 (2d ed. 1996). Four Winds has not shown that vacating the default judgment would have subjected it to greater prejudice than that ordinarily experienced in the processing of a normal court docket, since mere delay in final resolution was never contemplated as a factor to be considered in determining prejudice. *Id.* at 55-75, n.25. In fact, any negative impact attributable to the potential vacatur was slight when balanced against the inherent preference of substantive review. The potential prejudice to Four Winds did not compel a denial of the motion to vacate the judgment.

**Appellants' Conduct**

■ This Court next examines Deal's and the Salems' culpability in the litigation process. The record does not imply wilful misconduct by appellants. It appears that they acted in good faith by entering negotiations and making partial payment toward com-

plete settlement.[5] Appellants assert, and Four Winds vaguely denies, that the agreement contemplated dismissal of the lawsuit as a term of settlement. Under this set of facts, Deal's and the Salems' actions constituted excusable behavior based on the reasonableness of their belief that Four Winds would dismiss the debt action.[6]

### Meritorious Defense

■ The third factor, the existence of a meritorious defense, was the only issue discussed by Four Winds in its opposition, presumably because absent a meritorious defense, appellants' motion to vacate would have been fruitless. Four Winds asserted that even if an agreement was reached, appellants' failure to honor the agreement nullified any meritorious defense. The trial court agreed.

A meritorious defense is established "when "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$ 55,518.05 in U.S. Currency,* 728 F.2d at 195 (quoting *Tozer,* 189 F.2d at 244). Deal's proffer of facts in its motion, accompanied by a copy of the $ 1,000 check and an affidavit from a party who participated in settlement negotiations, presented sufficient information for the court to be able to evaluate the merits of the defense. Four Winds' action in obtaining a default judgment for the full amount, without deducting the $ 1,000 payment, casts serious doubt on its good faith. The trial court could use this failure to disclose that a payment had been received in judging the credibility of Four Winds' denial that there was an agreement to dismiss the case. Furthermore, though many terms of the agreement were not provided, the court may find that the negotiated settlement eliminated a substantial portion of the

---

[5] Appellants provided a copy of the canceled check representing partial satisfaction of the settled-upon amount, which states on its face, "Balance $ 12,500 on Space # 19". The check does not indicate that it was cashed "under protest" of this explanation, nor does appellee provide any contrary interpretation of the settlement. App. at 62A.

[6] Even if it turns out that Four Winds had not agreed to dismiss the litigation, the misunderstanding between the parties constituted sufficient reason on its own for vacating the default judgment. *See INVST Fin. Group, Inc. v. Chem-Nuclear Systems, Inc.,* 815 F.2d 391 (6th Cir.), *cert. denied,* 484 U.S. 927, 98 L. Ed. 2d 251, 108 S. Ct. 291 (1987).

original debt.[7] A defense that reduces the actual judgment award could constitute a meritorious defense for this purpose. *See Howard Fischer Assoc., Inc. v. CDA Investment Technologies,*1995 WL 472115, *3, n.4 (E.D. Pa. 1995) (citing *Grubb v. Evangelisti,* 1989 WL 55382 (E.D. Pa. 1989)).

In any event, the trial court should have scrutinized the defense, and should not have rejected it without any analysis. *Harad v. Aetna Cas. and Sur. Co.,* 839 F.2d 979, 982 (3d Cir. 1988). Based on the failure of the trial judge to make determinations crucial to a finding that appellants' defense lacked merit, the denial was premature and constituted an abuse of discretion.

### CONCLUSION

Adjudication of substantive claims is a preferred method of resolving disputes, as opposed to disposing of legal claims based on default or some other procedural deficiency. A court presented with a motion to vacate a default judgment must analyze the prejudice the nonmovant would not otherwise experience if the motion is granted, the culpability of the movant, and the existence of a meritorious defense. Though the trial court in this case opted to review only the third factor, we find that the prejudice that Four Winds would have suffered if the judgment was vacated was nominal. Furthermore, nothing in the record suggests that Deal and the Salems acted in bad faith. If anything, it was Four Winds which appears to have acted with less than good faith. Finally, the possibility of the existence of a meritorious defense by virtue of the parties' settlement or modification of the outstanding debt, at a minimum, should have prompted further examination by the trial court. For these reasons, we vacate the trial court's order dated March 12, 1996 and remand this matter for further proceedings consistent with this opinion. An appropriate order follows.

---

[7]For example, partial performance and detrimental reliance based on the settlement may have validated the oral agreement not otherwise enforceable under the statute of frauds.

## ORDER OF THE COURT

PER CURIAM

AND NOW, this 2nd day of April, 1997, having considered the submissions of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED AND ADJUDGED that the Territorial Court's Order dated March 12, 1996 is VACATED, and the matter is REMANDED to the Territorial court for further proceedings consistent with this Opinion.