**RR CARIBBEAN, INC., Plaintiff,**

v.

**DREDGE "JUMBY BAY," her tackle, gear and appurtenances, in rem, and Blue Green Marine, Ltd., in personam, Defendants.**

No. 2001–033.

District Court, Virgin Islands, D. St. Thomas and St. John.

June 8, 2001.

Frederick G. Watts, St. Thomas, VI, for the plaintiffs.

Joseph Caines, St. Thomas, VI, for the defendant.

## MEMORANDUM

MOORE, District Judge.

Plaintiff, RR Caribbean, Inc. ["RR Caribbean"] has moved to strike portions of the answer and for entry of default in rem against the dredge "Jumby Bay." The defendants, dredge "Jumby Bay" ["Jumby Bay" or "vessel"] and Blue Green Marine, Ltd. ["Blue Green"], have opposed the motion and moved for an extension of time to file a verified claim of ownership of the "Jumby Bay." Because Blue Green has failed to comply with various rules of civil procedure and has been dilatory to a degree beyond what could be considered excusable neglect, the Court will deny the motion for extension of time and grant RR Caribbean's motion to strike the answer and for default against the Jumby Bay.

### I. FACTS

RR Caribbean leased the Jumby Bay from Blue Green in October of 2000. RR Caribbean claims the vessel was not delivered in good working order as required by the lease agreement [the "charter party"].

Blue Green counters that it was RR Caribbean who violated the charter party. On February 8, 2001, RR Caribbean filed a verified complaint, and that same day, the Court issued a warrant of arrest, which was executed against the Jumby Bay on February 12th. Notice of the vessel's arrest was published in the *Virgin Islands Daily News* on February 23rd. On February 27th, the defendants filed an unverified answer, counterclaim and cross complaint, but Blue Green has never filed a verified statement asserting its right or interest in the Jumby Bay.

On March 27, 2001, RR Caribbean moved to strike "the answer as it pertains to the in rem claim against the Jumby Bay" and for entry of default on the in rem claim, asserting that a claim to the vessel had not been filed within ten days as required by Rule C(2) of the Admiralty and Maritime Claims. Supplemental Rules of Civil Procedure ["Supplemental Rules"].[1] Two months passed with no response from the defendants. Then in the late afternoon of May 24, 2001, the day before the hearing on plaintiff's motion, Blue Green filed an opposition. After the hearing and arguments on May 25, 2001, Blue Green filed a motion for extension of time to file a verified claim to the Jumby Bay.

## II. DISCUSSION

The motions before the Court require it to determine whether RR Caribbean's action against the Jumby Bay was properly an in rem action, and if so, whether to grant Blue Green's motion for an extension of time. As explained below, the action in rem is properly asserted against the Jumby Bay, and Blue Green's claim otherwise is totally without merit. Further, there is no basis for granting the motion for extension of time, since the dilatory conduct and inaction of counsel for the defendants cannot be considered excusable neglect. Blue Green's failure to properly assert an interest in the Jumby Bay requires that the answer be stricken as it pertains to the in rem claim against the Jumby Bay and that default be entered against the vessel.

## A. The In Rem Action Is Proper Because a Maritime Lien Exists.

■ Blue Green argues against the entry of default by challenging the propriety of RR Caribbean's in rem action itself. Blue Green asserts that the charter party between it and RR Caribbean did not give rise to a maritime lien, and without a maritime lien, RR Caribbean's in rem action was unavailable. Blue Green is correct that an in rem action requires the existence of a maritime lien. *See* Supp. Fed.R.Civ.P. C(1) (2001).[2] In this case, however, the Court has already determined, pursuant to Supplemental Rule C(3)(a)(II)(A), that a maritime lien on the Jumby Bay properly existed.[3] Blue Green's contention that a maritime lien did not arise, however, because such liens may arise only under the Federal Maritime

1. Substantial amendments to Supplemental Rule C went into effect on December 1, 2000. Inexplicably, neither party cited to the amended rules.

2. Supplemental Rule C(1) states in relevant part

An action in rem may be brought:
 (a) To enforce any maritime lien;

 (b) Whenever a statute of the United States provides for a maritime action in rem or a proceeding analogous thereto.

3. In a maritime action in rem, "the court must review the complaint and any supporting papers. If the conditions for an in rem action appear to exist, the court must issue an order directing the clerk to issue a warrant for arrest of the vessel ...." Supp. Fed. R.Civ.P. C(3)(a)(ii)(A) (2001).

Lien Act, demonstrates a woeful misunderstanding of the law of maritime liens.

 A maritime lien may arise in tort or contract, and in contract, it may arise under the Federal Maritime Lien Act or under the general maritime law. Under the general maritime law, a maritime lien arises in favor of a charterer "[i]f a vessel owner breaches a charter party that is at least partially performed ...." 8 BENEDICT ON ADMIRALTY § 12.01[C][1][d][iii] (7th ed., rev.2000).[4] Blue Green, by delivering the Jumby Bay to RR Caribbean, partially performed its lease agreement, or charter party.[5] Being partially executed, the charter party was capable of giving rise to a maritime lien, and the verified complaint and supporting papers demonstrate that a maritime lien did in fact arise against the Jumby Bay and in favor of RR Caribbean. The verified complaint states the amount owed, and a copy of the charter party is attached. Pursuant to Rule C, the Court issued a warrant for the arrest of the vessel and the United States Marshal arrested the Jumby Bay. The Court's action and the arrest were entirely proper and mandated by law.

## B. The Court Has Discretion to Strike Parts of the Answer and to Enter Default.

 RR Caribbean argues that default is appropriate, because Blue Green's failure to file a "verified claim" to the Jumby Bay within the time limit set by Supplemental Rule C(6) denied it standing to answer for the defendant res, the Jumby Bay. Thus, Blue Green's answer to the in rem claim against the Jumby Bay should be stricken and default entered on the in rem claim. Although RR Caribbean's use of the term "claim" is somewhat outdated,[6] the essence of plaintiff's argument is sound.

Once a plaintiff has filed and served an in rem admiralty claim pursuant to Supplemental Rule C(2), subsection (6) requires any claimant of the property subject to the action to

file a verified statement of right or interest:

(A) within 10 days after the earlier of (1) the execution of process, or (2) completed publication of notice under Rule C(4), or

(B) within the time that the court allows;

Supp. Fed.R.Civ.P. C(6)(b)(i) (2001). The answer must be filed within twenty days thereafter, along with any answers to any interrogatories propounded by the plaintiff. *See id.* C(6)(b)(iv). Blue Green did not file a "verified statement of right or interest" nor did it move for an extension

---

4. *See International Marine Towing, Inc. v. Southern Leasing Partners, Ltd.,* 722 F.2d 126, 131 (5th Cir.1983) (charterer is entitled to maritime lien against vessel for owner's breach of charter party), *cert. denied,* 469 U.S. 821, 105 S.Ct. 94, 83 L.Ed.2d 40 (1984); *Rainbow Line, Inc. v. M/V Tequila,* 480 F.2d 1024, 1027 (2d Cir.1973) ("The American law is clear that there is a maritime lien for the breach of a charter party, and because the damages sought to be recovered by [the charterer] are all of a maritime nature and flow directly from the breach of the charter, it has a maritime lien.").

5. A charter party is a contract for lease of a vessel. An executory contract for lease of a vessel, or unexecuted charter party, does not give rise to a maritime lien. *See* 8 BENEDICT ON ADMIRALTY § 12.01[C][1][c].

6. Supplemental Rule C(6) was updated in December, 2000, and the term "verified claim" was replaced by the phrase "verified statement of right or interest." *See* Supp. Fed. R.Civ.P. C(6)(b) (2001).

of time to file the statement within the ten days allowed by the rule.

A prerequisite to asserting a defense in rem on behalf of a vessel is the timely filing of a verified statement of right or interest in the vessel. *See* Supp. Fed. R.Civ.P. C(6)(b) (2001). When a party files an answer without first filing the necessary statement in time, the Court may strike the answer and enter default. *See, e.g., United States v. Beechcraft Queen Airplane,* 789 F.2d 627 (8th Cir.1986) (no abuse of discretion by requiring strict compliance with Rule C(6) and striking answer because it was not preceded by verified claim).[7] Accordingly, the Court is well within its discretion to strike the in rem portions of the answer and enter default against the Jumby Bay in favor of RR Caribbean.

## C. The Motion for Extension of Time Will Be Denied and Default Will Be Entered Against the Jumby Bay.

 Three months after Blue Green answered the complaint without filing a Rule C(2) verified statement, and two months after RR Caribbean filed its motion for default judgment bringing to Blue Green's attention the deficiency with its answer, Blue Green requested an extension of time to file the verified statement. In fact, Blue Green filed its request on the morning of the hearing on RR Caribbean's motion. The request for extension of time included a generalized claim that family illness and travel had caused the multi-month delay, but otherwise it included no specific facts or supporting affidavits.

Blue Green's request is well out of time. Counsel for Blue Green pleads excusable neglect as a basis for invoking the Court's leniency, but as just observed, he provides no specific reason why his conduct constitutes excusable neglect. Federal Rule of Civil Procedure 6(b), which authorizes the Court to enlarge the time for response, "even after expiration of the specified period ... where the failure to act was the result of excusable neglect," simply does not apply in this case, where counsel failed to act over several months. Even after RR Caribbean's motion to strike the answer gave him notice of what he had failed to do, counsel still waited several months to respond and ask for an extension of time. Under the most charitable view of the circumstances, the Court cannot find excusable neglect in this case.[8]

7. *See also United States v. $38,570 U.S. Currency,* 950 F.2d 1108, 1115 (5th Cir.1992) (district court did not abuse its discretion in striking answer where answer was not filed within twenty days after filing of claim as required by Supplemental Rule C(6)); *but see United States v. Various Computers & Computer Equip.,* 82 F.3d 582, 586 (3d Cir.1996) ("dismiss[al of] defendant's claim for failure to include a verified statement would 'contradict[ ] both old-fashioned common sense and the time-honored admiralty principle that pleadings and procedural practices in maritime actions should be applied liberally.' ").

8. Blue Green's own cited case, *Government v. One 1986 CRX–SI Honda,* states the requirement that

the party urging excusable neglect must allege specific facts setting forth the basis for

a finding of excusable neglect. *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192 (3d Cir.1984) (default in forfeiture proceeding affirmed for potential claimant's failure to allege factual support for meritorious defense); *Reid v. Liberty Consumer Discount Co. of Pa.,* 484 F.Supp. 435 (E.D.Pa.1980); *see e.g., Zawadski De Bueno v. Bueno Castro,* 822 F.2d 416 (3d Cir.1987) (movant sets forth factual basis for finding of excusable neglect); *Hritz v. Woma Corp.,* 732 F.2d 1178 (3d Cir.1984) (decision based on detailed factual allegations).

24 V.I. 98, 101–2 (D.V.I.1988). Counsel for Blue Green inexplicably provided no specific detailed factual allegations. His general allusions to family illness and overseas travel provided no dates, no details, no evidence, no indications at all how these claimed occur-

## III. CONCLUSION

The Court will deny Blue Green's motion for an extension of time. The Court will grant RR Caribbean's motion to strike Blue Green's answer as it pertains to the in rem action and enter default against the Jumby Bay.[9]

rences delayed his response in this matter for several months.

9. Although this Court generally "disfavor[s] default judgments, preferring instead to decide cases on the merits," see *Deal Furniture & Appliances v. Four Winds Plaza Partnership*, 36 V.I. 151, 153, 961 F.Supp. 117, 120 (D.V.I. 1997), counsel's extremely dilatory action, or rather inaction, clearly prejudiced RR Caribbean and wholly ignored the Supplemental Rules of Civil Procedure.