JOSEPH MAGETTE

v.

THE DAILY POST and EARL B. OTTLEY, Appellants

No. 75-2235

United States Court of Appeals

Third Circuit

Argued April 27, 1976

Filed June 2, 1976

---

[5] See 1B Moore's Federal Practice, ¶ 0.433 (1974).
[6] See Restatement of Judgments § 68, comment o (1942).

ALEXANDER A. FARRELLY, ESQ. (BIRCH, DEJONGH & FARRELLY), St. Thomas, V.I., *for appellants*

LEROY A. MERCER, ESQ., Christiansted, St. Croix, V.I., *for appellee*

Before VAN DUSEN, ADAMS and ROSENN, *Circuit Judges*

### OPINION OF THE COURT

PER CURIAM:

This appeal challenges a default judgment of damages entered August 5, 1975, awarding plaintiff $3,613.50. The ground of the appeal is that defendants were not given an opportunity to contest the amount of damages, although they were given a trial on the liability issue.

Although ample written notice of the November 15, 1974, trial date in this case was given to counsel for defendants, who had appeared by filing an answer, he failed to attend court on the appointed day.[1] When it proved infeasible to reach defendants' counsel through a phone call to his office, the district judge proceeded with the trial not only without the presence of defense counsel but in the absence of the individual defendants and the witnesses for defendants. A

---

[1] Counsel for defendants was sent written notice of the November 15, 1974, trial date on October 22, 1974. November 15, 1974, was the Friday preceding the run-off election for the position of Governor of the Virgin Islands and such counsel was a candidate in that election.

default judgment of $6,620.50 was entered against defendants on December 16, 1974.[2] The defendants moved to vacate the judgment and the district court granted the motion on January 13, 1975. The court specified that a new trial would be granted on the issue of liability only.[3]

After the new trial, the district court adhered to its previous ruling that defendants were liable to the plaintiff. During the course of the new trial, some evidence on the damage issue was admitted by the district court because it reflected on plaintiff's credibility. On the basis of that evidence, the district court reduced the amount awarded to plaintiff to $3,613.50.[4]

Defendants contend that they have the right to a full hearing on the issue of damages and that that right was denied them in this case. We agree.

Since no written or oral notice of an application for default judgment was given to defendants three days prior to the hearing, as required by F. R. Civ. P. 55(b)(2),[5] the August 5, 1975, judgment must be vacated insofar as it assesses damages of $3,613.50. In Hutton v. Fisher, 359 F.2d 913, 916 (3d Cir. 1966), this court said:

"For even one who fails to contest liability on an unliquidated claim

---

[2] See Memorandum Opinion and Judgment of December 16, 1974 (Civil No. 50-1974, District Court of the Virgin Islands, Division of St. Croix, reproduced at 3A of the appendix).

[3] See Memorandum Opinion and Judgment of January 13, 1975 (reproduced at 6A of the appendix).

[4] See Memorandum Opinion and Judgment of August 5, 1975 (reproduced at 15A of the appendix).

[5] Rule 55(b)(2) provides, inter alia,
"[i]f the party against whom judgment by default is sought has appeared in the action, he . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."
6 Moore's Federal Practice (Rev. Ed.) ¶ 55.07, at page 55–96, contains this language:
"Although a defendant has defaulted, if he has appeared in the action he is entitled to at least 3 days' notice of the hearing on the application for default judgment; and a defaulting defendant is entitled to be heard at the hearing on the amount of damages."
Moore states in ¶ 55.09 at page 55-201:
"On appeal from a default judgment, the judgment will be reversed if not authorized by Rule 55, . . . ."

■■■

has a vital interest in the subsequent determination of damages and is entitled to be heard on that matter."

We have reached the foregoing conclusion without in any way approving the failure of defendants' counsel to arrange for a request for continuance of the trial date when the October 22, 1974, notice of the November 15, 1974, trial date was received at his office.

For the foregoing reasons the case will be remanded to the district court for vacation of the assessment of damages and a new trial on the issue of damages only. Each party shall bear his or their own costs, on this appeal.