**RYANS RESTAURANT, INC. d/b/a ALEXANDER'S CAFE,
M.A.T.S., INC. d/b/a EPERNAY, and ALEXANDER TREML,
Appellants
v.
BEN EARL LEWIS, Nominal Appellee**

D. C. Civ. App. No. 95-105

T.C. S.C. No. 1365-94

District Court of the Virgin Islands,

Div. of St. Thomas and St. John

December 24, 1996

ARTHUR POMERANTZ, ESQ., St. Thomas, U.S.V.I., *for Appellant.*

BEN EARL LEWIS, St. Thomas, U.S.V.I., *for Nominal Appellee*

BEFORE: MOORE, *Chief Judge,* FINCH and ROSS, *Judges*

### OPINION OF THE COURT

PER CURIAM

We address on appeal the question of whether the Small Claims Division of the Territorial Court, in a breach of contract matter, erred in failing to grant a Motion to Set Aside the Default

Judgment. For the reasons stated herein, we reverse and remand the judgment for proceedings not inconsistent with this opinion.

The record reflects that on December 29, 1994, *pro se* appellee Lewis filed a complaint with the Small Claims Division of the Territorial Court of the Virgin Islands in an action for debt in the amount of $3,695. Appellee claimed that he had delivered wines to the joint businesses of Alexander's and Epernay ["Ryans Restaurant Inc."]. Appellee Lewis testified that he did not receive payment for the goods, despite having made several demands. Appendix ["App."], March 24, 1995 Transcript ["TS"] at 4-5.

Appellants received notice that trial was scheduled for March 24, 1995. Neither appellants nor their authorized representative appeared. Following a brief hearing, the court entered a default judgment in appellee's favor in the amount of $3,695 plus $40 in court costs.[1]

On April 18, 1995, appellants filed a motion to set aside the default judgment, claiming that on the date scheduled for the

---

[1] There appears to be a discrepancy between the awarded figure announced at trial and the amount entered into the written judgment. The written judgment awards plaintiff $3,695 plus $40 in court costs, yet the court appears to have announced a different amount at the hearing. The following colloquy occurred at the end of the trial:

THE COURT: . . . The Court will therefore enter judgment in favor of Ben Earl Lewis against Ryans Restaurant Inc., doing business as Alexander's, and doing business as Epernay and Alexander Treml for the amount of $3,227.00 plus $100.00 in court costs. . . .

THE COURT: It's $3,227?

THE PLAINTIFF: We found there was another invoice. I don't want to change that now at this point. What I would like to ask, if—

THE COURT: But your complaint asks for $3,695?

THE PLAINTIFF: Right. I realize that this amount — I found another check that they had paid, but then I found out another invoice, but I am not going —

THE COURT: We will leave it at that.

*See* Appendix ["App."], March 24, 1995, Judgment dated April 7, 1995, Transcript ["TS"] at 5-7, and Exhibit 1, invoice letter dated Aug. 7, 1993 (4 pp.).

Appellant's counsel failed to submit to us timely and complete copies of the invoice letter evidencing the debt at trial. Such omissions of key parts of the trial record hamper the efficient processing of appeals by this Court. Since the case is remanded for other reasons, this discrepancy in amounts is not material. It is thus not necessary to carry out our repeated threats of sanctioning noncompliance with FED R. APP. P. 30(a) or other applicable rules of this Court.

hearing on this matter, appellants' representative, Alexander Treml, had been called to pick his sick son up from school, and after he got the child home, he simply forgot about the hearing. Appellants also filed this appeal.[2]

■ Since the trial judge never ruled on appellant's motion, we treat it as having been denied. On appeal, this Court addresses whether the Small Claims Division of the Territorial Court should have vacated the default judgment entered against Ryans Restaurant Inc.[3] The standard of review for this Court in examining the Territorial Court's application of law is plenary. *Nibbs v. Roberts*, 31 V.I. 196, 204 (D.V.I. APP. 1995). In reviewing whether the Territorial Court erred in failing to vacate the default judgment against Ryans Restaurant Inc., we utilize an abuse of discretion standard. *Skinner v. Guess*, 27 V.I. 193, 197 (D.V.I. APP. 1992).

In arriving at our decision, we construe two Territorial Court Rules governing the procedure in the Smalls Claims Division. Rule 65 states in part that

> within five (5) days after entry of judgment, the judge may, upon a showing that a substantial question of law and/or fact is involved, grant a party leave to file a motion for a new trial.

Territorial Court Rule 64 states in part that

> the judge shall conduct the trial in such manner as to do substantial justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings, or evidence, except such provisions relating to privileged communications.

The rational behind Rule 64's less stringent standards is to keep the small claims court accessible to unsophisticated litigants seeking

---

[2] A copy of the motion to set aside the default judgment also was not included in the appellate record.

[3] Since this case is being remanded to the Territorial Court for further proceedings, we need not address appellants' other claims that appellee Lewis lacked standing, that Alexander Treml was not liable for the debts of Ryans Restaurant Inc., and that the default judgment was for the wrong amount.

expeditious and inexpensive justice. In furtherance of that goal, today we hold that TERR. CT. R. 64 shall guide the Small Claims judge in considering an application to vacate a default judgment. Rule 65 is confined to motions filed after a trial on the merits, not motions to set aside a default judgment.[4]

 It is the role of the judge in a small claims action to achieve substantial justice, even if it means that a liberal reading would afford relief to a *pro se* small claims litigant which would not be available to a *pro se* or other litigant in the Civil Division of the Territorial Court. Given the fact that appellants made a motion to set aside the default judgment, the Territorial Court should have considered the motion and rendered a decision. Courts in this jurisdiction generally disfavor default judgments, and prefer to decide controversies on the merits, rather than on procedural grounds. *E.g., Skinner v. Guess*, 27 V.I. 193, 196 (D.V.I. APP. 1992). Since there is no requirement in the Small Claims Division under TERR CT. R. 62 to submit an answer or other responsive filing that may indicate the existence of a meritorious defense, the preference for resolving controversies on the merits rather than by default is even stronger.[5]

---

[4] In *Deliver It v. Mitchell*, 28 V.I. 25 (Terr. Ct. 1992), the trial court applied TERR CT. R. 65, refusing to vacate the default judgment because the motion was not timely filed under Rule 65 and the movant did not request leave of court to file. The application of these rigid procedural requirements in the Small Claims Division is not consistent with the goal of achieving justice for unsophisticated litigants in the Smalls Claims Division. *Deliver It* is thus rejected to the extent it is inconsistent with the rule set forth in this case.

We also observe that appellant's motion was filed in the Small Claims Division by counsel. "Neither party may be represented by counsel and parties shall in all cases appear in person except for corporate parties, associations, and partnerships which may appear by a personal representative." V.I. CODE ANN. tit. 4, § 112. We do not interpret section 112 to mean that corporate parties may be represented by counsel in the Small Claims Division. However, the usual rule that a corporation may not appear pro se may be relaxed in accordance with the purpose of Rule 64 to allow a corporation to be represented in the Small Claims Division by an officer or shareholder, even if that officer or shareholder is an attorney.

We reject any contrary interpretation of *Carr v. Pena*, 432 F. Supp. 828 (D.V.I. 1977) and *Deliver It v. Mitchell* because this interpretation allows quick and inexpensive resolution without interfering with any constitutional rights; legal counsel may be utilized should the case be transferred to the regular Civil Division or appealed.

[5] Courts apply a three-part test to determine whether a party will succeed in defending against a default judgment: (1) will vacating the judgment visit prejudice upon the plaintiff, (2) does the defendant have a *prima facie* meritorious defense, and (3) was the default judgment the result of the defendant's culpable or inexcusable conduct. *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 419-20 (3d Cir. 1987). The Small Claims

■ In this case, appellant has produced a sworn affidavit explaining that Ryans Restaurant Inc.'s representative, Treml, did not appear at trial due to his son's illness. Given appellants' continued interest in litigating the dispute and the court's preference for deciding cases on the merits, substantial justice may warrant setting aside the default judgment. We remand this question to be resolved by the Territorial Court. An appropriate order follows.

DATED this 23rd day of December, 1996.

## ORDER OF THE COURT

AND NOW, this 23d day of December, 1996, after careful review of the record and having considered the submission of the appellant; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED AND ADJUDGED that the order of the Territorial Court dated April 7, 1995 is REVERSED, and the matter is REMANDED to the Territorial court for further proceedings consistent with this opinion.

---

court should apply this tripartite test more as a guideline under Rule 64, rather than a strict rule of law.