## EXECUTIVE AIRLINES, INC., Respondent/Appellant
## v.
## EULET GORE and LISA HARRIS-MOOREHEAD, COMM'R OF LABOR Complainants/Appellees

D.C. Civ. App. No. 1997-065

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 3, 1999

DAVID A. BORNN, ESQ., St. Thomas, U.S.V.I., *for appellant*

ROBERT L. KING, ESQ., St. Thomas, U.S.V.I., *for appellee*

IRMA INDUSTRIOUS, ESQ., Assistant Attorney General, St. Thomas, U.S.V.I., *for appellee*

THOMAS K. MOORE, *Chief Judge*, District Court of the Virgin Islands; RAYMOND L. FINCH, *Judge* of the District Court of the Virgin Islands; and PATRICIA D. STEELE, *Territorial Court Judge*, Division of St. Croix, Sitting by Designation.

PER CURIAM

In this appeal, we consider whether the Territorial Court abused its discretion in denying a writ of review to appellant Executive Airlines, Inc. ["Executive"].

## FACTUAL SUMMARY

On December 29, 1992, appellee Eulet Gore ["Gore"] filed a complaint with appellee Department of Labor ["DOL"] claiming that Executive had wrongfully discharged him. Executive filed a motion to dismiss Gore's complaint for lack of jurisdiction in July, 1995. (See Appellant's App. at 59-74.)[1] DOL's administrative law judge ["ALJ"] denied this motion, so Executive moved for reconsideration. (See id. at 76-78.) The ALJ did not rule on this petition, but he informed the parties on November 21st that a formal hearing on Gore's complaint would be held on December 14, 1995. (See id. at 79-81.)

On November 21, Executive's attorney placed a telephone call to the ALJ to complain that DOL should not have scheduled a formal hearing on Gore's complaint before adjudicating the motion to reconsider. According to Executive's counsel, the ALJ orally agreed to review the matter and "induced counsel to believe that he would rescind the Notice of Hearing and make a decision on the Motion to Reconsider." (See Appellant's Br. at 3.) The ALJ adamantly denied making either representation. (See Appellant's App. at 169-70.) Executive's counsel then sent DOL a "follow-up" letter in which he requested a continuance but did not mention the alleged conversation. (See id. at 90.) While counsel did not receive a response to his written request, on November 29th, he did receive a written notice of hearing from the ALJ.

The formal hearing on Gore's complaint took place as scheduled on December 14th. No representative of Executive appeared. After waiting the requisite thirty minutes, the ALJ granted default judgment to Gore, which was formally entered by the DOL

---

[1] For future reference, the parties are encouraged to review Virgin Island Rules of Appellate Procedure 24(b) ("the parties are required to consult and agree on the contents of the appendix") and 11(a) ("[a] single record shall be submitted.").

Commissioner against Executive on January 16, 1996. Executive moved to have the judgment reconsidered and vacated two days later, but DOL denied the motion by written order dated February 5, 1996. (See id. at 82-89a.) Within thirty days, on March 4, 1996, Executive filed a petition in Territorial Court for judicial review of the ALJ's refusal to vacate the default judgment. In its petition, Executive asserted three errors.[2] First, it contended that the ALJ induced its counsel to believe there would be no hearing on December 14th. Second, it argued that the ALJ erred by hearing the merits before ruling on the motion to reconsider its July, 1995, motion to dismiss for lack of jurisdiction. Third, it claimed that DOL denied Executive due process of law by entering the default judgment without further notice. Following a hearing, the trial court denied appellant a writ of review. (See id. at 178-237.) Executive now appeals the trial court's decision.

## DISCUSSION

■ The Appellate Division of the District Court has jurisdiction over this matter pursuant to V.I. Code Ann. tit. 4, § 33. Although neither appellee cross-appealed, Gore questions the Court's jurisdiction, contending that Executive's March 4th request for a writ of review from the Territorial Court was untimely.[3] We hold that Executive's Territorial Court filing was timely. From the date DOL's order became final, Executive had thirty days to seek judicial review. DOL regulations provide that an order is not final until a motion for reconsideration has been decided.[4] See V.I. R. & Regs. tit. 24, § 77-70 ("In the absence of a motion for reconsideration . . . the recommended order shall become the final order of

---

[2] Executive's first two arguments for judicial review had been presented to the ALJ on January 18th as grounds to vacate the default judgment. We reach these arguments only because they were presented to the trial court.

[3] The Appellate Division reaches the issue presented by appellee solely because it concerns our jurisdiction over this controversy.

[4] Gore relied on an abolished local rule of the District Court, 4 V.I.C. App. V. R. 11, which applied when the District Court had jurisdiction over writs of review from Virgin Islands agencies under 5 V.I.C. §§ 1421-22. See *Bawlings v. Government Employees Serv. Comm'n*, 1983 U.S. Dist. LEXIS 10247, 20 V.I. 224 (D.V.I. 1983) (ruling that court lacked jurisdiction to entertain petition for writ of review because post-hearing motions did not extend time for petition under local District Court rule 11). This rule has been superceded and eliminated by LRCi 1.1.

the Commissioner.") This Court therefore has jurisdiction to review whether the Territorial Court erred in refusing to disturb the denial of Executive's motion to vacate the default judgment awarded to Gore.

Title 24, section 70 of the Virgin Islands Code governs the issuance of writs for judicial review of DOL proceedings.

> Any person aggrieved by a final order of the Commissioner granting or denying in whole or in part the relief sought may obtain a review of such order by filing in the Territorial Court or the District Court, within 30 days of its issuance, a written petition praying that such decision of the Commissioner be modified or set aside.

24 V.I.C. § 70(a). The Territorial Court analyzed Executive's petition under the deferential standard of review applied to other agencies' administrative decisions, 5 V.I.C. §§ 1421-22 ["Writ of Review statute"],[5] which requires the trial judge to determine that the ALJ "appears to have exercised [his or its] functions erroneously, or to have exceeded his or its jurisdiction," and judicial review should proceed because no other remedy would suffice.[6] The trial judge denied the requested writ because the ALJ did not err in his legal judgment or exceed his jurisdiction. (See Appellant's App. at 195.)

■ Although 24 V.I.C. § 70(a) does not provide a standard for determining whether a DOL order should be modified or set aside by the Court, we agree with the trial court that DOL adjudications should be reviewed with the same deference given other agencies'

---

[5] The trial division of the District Court has consistently held that this statutory grant of authority "should be construed expansively and the requested relief liberally granted." Simmon v. Christian, 1975 U.S. Dist. LEXIS 15607, 12 V.I. 307, 309 (D.V.I. 1975); see Equity Inv. Corp. v. Government of the Virgin Islands, 19 V.I. 180, 182 (D.V.I. 1982); Schuster v. Thraen, 18 V.I. 287, 300 (D.V.I. 1981) (Finch, J., sitting by designation).

[6] Section 1422 states:

The writ of review shall be allowed in all cases where there is no appeal or other plain, speedy, and adequate remedy, and where the officer, board, commission, authority, or tribunal in the exercise of his or its functions appears to have exercised such functions erroneously, or to have exceeded his or its jurisdiction, to the injury of some substantial right of the plaintiff.

5 V.I.C. § 1422.

186

rulings under the Writ of Review statute. *Accord Thomas v. Abamar-BB*, 35 V.I. 117, 934 F. Supp. 164 (D.V.I. App. Div. 1996) (applying legal or jurisdictional error requirement of 5 V.I.C. § 1422 to petition for writ of review filed under 24 V.I.C. § 70). Assessing the Territorial Court's legal conclusions, we conclude that the trial judge did not abuse her discretion in denying the writ.

■ As the trial court found, Executive could not complain that the administrative law judge induced its counsel to believe that the hearing was postponed because that impression was formed through an alleged ex parte communication. See *Executive Airlines, Inc. v. Gore*, Civ. No. 151/1996, slip op. at 2 (Terr. Ct. Mar. 19, 1997). DOL regulations prohibit such contacts. See V.I. R. & REGS. tit. 24, § 77-52. Since Executive's motion was not in proper form under V.I. R. & REGS. tit. 24, §§ 77-31 & 32, the trial judge concluded that the ALJ justifiably ignored the alleged ex parte request.[7]

The trial court next determined that the ALJ did not violate Executive's due process rights by entering a default judgment

---

[7]Executive's counsel attested to the Territorial Court that DOL generally observed the following procedure:

> When an attorney seeks a continuance in a Department of Labor hearing, the attorney first calls the Hearing Officer assigned to the case. Once orally informed of the need for the continuance, the Officer decides on the request and tells the attorney to put the request "into writing." Motions for continuance can be formalized either by letter to the Hearing Officer and served upon opposing counsel, or by motion for continuance, also served on opposing counsel.

> After receiving the letter or motion for continuance, the Hearing Officer signs an Order, effectively continuing the matter. The attorney seeking a continuance might receive the Order anywhere from three to fourteen days after it is signed by the Hearing Officer, often receiving the Order after the date of the scheduled hearing. It is for this reason that great reliance is placed on oral directions from the Department as to whether a hearing will be continued. These continuances are liberally granted, especially where there is no danger of harm to the Complainant.

(Appellant's App. at 172-73). Executive argues that DOL was bound by its own established custom and practice to follow this procedure. *See Eastern Carolinas Broad. Co. v. FCC*, 246 U.S. App. D.C. 1, 762 F.2d 95 (D.C. Cir. 1985) (holding that abrupt change in discretionary agency practice or interpretation requires notice to parties when such change may penalize them for reasonable reliance on past practice); *Briscoe v. Kusper*, 435 F.2d 1046 (7th Cir. 1970) (concluding that Chicago Board of Election Commissioners violated plaintiffs' fourteenth amendment rights by altering interpretation of candidate qualification statute without notice). Unlike the plaintiffs in *Eastern Carolinas* and *Briscoe*, however, Executive has not established that DOL actually followed the purported procedure. The record shows merely that its counsel was surprised because DOL acted contrary to his expectations.

because a DOL administrative law judge may grant default judgment against a party that fails to appear within thirty minutes of the time designated for a hearing. *See Executive Airlines, Inc.*, Civ. No. 151/1996, slip op. at 2-3 (Terr. Ct. Mar. 19, 1997) (citing V.I.R. & Regs. tit. 24, § 77-61). Executive received explicit and timely notice of the consequences of any failure to appear. The notice of hearing received by Executive's counsel on November 29, 1995, briefly set forth the date and purpose of the hearing as well as Executive's rights. The next-to-last of the notice's six sentences read, "failure to appear can result in default judgment." This notice was more than sufficient to satisfy due process. The Territorial Court correctly found that the hearing officer did not err in imposing default judgment against the appellant.[8]

■ We agree with the trial judge that the ALJ's failure to rule on Executive's pre-hearing motion was not error. Section 77-35 of Title 24, Virgin Islands Rules and Regulations provides that an ALJ may take pre-hearing motions under advisement at the hearing.

Finally, Executive argues that the Territorial Court erred by failing to vacate the default judgment under the three-part test employed in this jurisdiction. *See Ryans Restaurant, Inc. v. Lewis*, 35 V.I. 187, 949 F. Supp. 380 (D.V.I. App. Div. 1996) (noting that, in revisiting default judgments, courts must consider prejudice to plaintiff, merit of defendant's defense, and reason for default). This argument addresses the merits of Executive's motion to reconsider, and Executive has not shown that the trial court should have reviewed the default judgment in the first place.

The Territorial Court denied the writ because Executive failed to establish that the DOL administrative law judge erred or exceeded

---

[8] Executive argues that it was entitled to notice of its default after the hearing on December 14, 1995, because the Court of Appeals for the Third Circuit has recognized the right to notice and an opportunity to be heard after the imposition of default. *See Magette v. The Daily Post*, 535 F.2d 856 (3d Cir. 1976) (applying Fed. R. Civ. P. 55(b)). *Magette* does not influence our conclusion in this case because the Federal Rules do not apply to administrative proceedings, and the Territorial Court rules do not require notice of application for default, except against infants and incompetent persons. *See* Terr. Ct. R. 48 ("No judgment by default shall be entered against an infant or incompetent person except upon notice to his guardian . . . . The court may order written notice of the application for judgment to be served upon the party against whom judgment by default is *sought if it shall seem to the court that justice so requires*.") (emphasis added).

his jurisdiction in entering default judgment. The trial court's Order will be affirmed.

DATED this 3rd day of March, 1999.