**Rafael IRIZARRY, Appellant,**

**v.**

**Pamela CARPENTER, Appellee.**

**No. CIV.A.2002–123.**

District Court, Virgin Islands,
Appellate Division.
D. St. Thomas and St. John.

July 24, 2003.

Gregory H. Hodges, Esq., St. Thomas, VI, for the Appellant.

Charles S. Russell, Jr., Esq., St. Thomas, VI, for the Appellee.

Before: RAYMOND L. FINCH, Chief Judge of the District Court of the Virgin Islands; THOMAS K. MOORE, Judge of the District Court of the Virgin Islands; and DARRYL DEAN DONOHUE, Judge of the Territorial Court of the Virgin Islands, Division of St. Croix, Sitting by Designation.

### OPINION

PER CURIAM.

On April 12, 2002, appellee Pamela Carpenter ["Carpenter" or "appellee"] sued appellant Rafael Irizarry ["Irizarry" or "appellant"] in Territorial Court, Small Claims Division, alleging that appellant had failed to perform various obligations contained in a lease agreement and that he owed her up to $16,000.00 in damages.[1] According to appellant, he did not receive notice of the underlying action until May 7, 2002, when he was informed that the matter had been set for trial on May 14, 2002. Due to his employment obligations, Irizar-

---

1. In her complaint, Carpenter only sought $5,000.00 in damages plus court costs.

ry was scheduled to be off-island on a business trip from May 9 through May 14. Thus, upon receiving notice of the impending trial date, appellant promptly filed on May 9 a motion for a continuance of the trial wherein he informed the trial court of his situation. The trial court, however, never ruled on this motion and proceeded with the trial on May 14. When Irizarry failed to appear for trial, the trial court entered a default judgment in favor of appellee in the amount of $5,000.00 plus $40 in court costs. Upon learning of the default judgment on his return to St. Thomas, Irizarry moved the trial court to reconsider its decision.[2] As it did with appellant's motion for a continuance, the trial court never ruled on appellant's motion for reconsideration. We now vacate the trial court's default judgment and remand the matter back for a new trial.[3]

## I. JURISDICTION AND STANDARD OF REVIEW

■ This Court has jurisdiction to review final judgments and orders of the Territorial Court in all civil cases. *See* 4 V.I.C. § 33.[4] The standard of review for this Court in examining the Territorial Court's application of law is plenary. *See Nibbs v. Roberts*, 31 V.I. 196, 204, 1995 WL 78295 (D.V.I.App.Div.1995). In reviewing whether the Territorial Court erred in failing to vacate the default judgment against appellant, we utilize an abuse of discretion standard. *See Paul v. Electric Ave.*, Civ. No.1999/055, 2001 WL

1045098, *1, 2001 U.S. Dist. LEXIS 14261, at *4 (D.V.I.App.Div. Aug. 29, 2001); *Skinner v. Guess*, 27 V.I. 193, 197, 1992 WL 100281 (D.V.I.App.Div.1992); *see also In re Cendant Corp. Litig.*, 235 F.3d 176, 181 (3d Cir.2000); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1203 (3d Cir.1995).

## II. DISCUSSION

### A. Appellant Has Standing

■ The first issue to address is whether appellant has standing to appeal the trial court's default judgment. Appellee argued that Irizarry's appeal was premature as the trial court has never ruled on his motion for reconsideration. Appellee's argument is unpersuasive in light of this Court's decision in *Ryans Restaurant v. Lewis*, 949 F.Supp. 380 (D.V.I.App.Div. 1996).[5] There, we faced a similar situation where the trial court had never ruled on an outstanding motion for reconsideration. We treated the trial court's failure to rule as a denial of the motion and proceeded accordingly. *See Ryans Restaurant*, 949 F.Supp. at 382. We shall do likewise in this instance. Therefore, appellant has standing to bring his appeal.

### B. Trial Court Abused Its Discretion

■ Reviewing the facts of this case, it is clear that the trial court abused its discretion by not vacating the default judgment. Territorial Court Rule 64 provides in part that

---

**2.** Irizarry initially moved for reconsideration on May 16, 2002. On June 5, the trial court ordered him to provide meritorious defenses before it would rule on his motion. Yet after Irizarry submitted these defenses to the court, it failed to rule on the motion.

**3.** As this Court finds that the trial court abused its discretion in failing to vacate its default judgment, we need not address the appellant's other grounds for appeal.

**4.** *See* Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2002), *reprinted in* V.I. CODE ANN. 73–177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2002) (preceding V.I. CODE ANN. tit. 1).

**5.** Surprisingly, neither party cited *Ryans Restaurant* even though it is almost directly on point.

the judge shall conduct the trial in such manner as to do substantial justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings, or evidence, except such provisions relating to privileged communications.

As this Court noted in *Ryans Restaurant,* "[t]he rational behind Rule 64's less stringent standards is to keep the small claims court accessible to unsophisticated litigants seeking expeditious and inexpensive justice. In furtherance of that goal, today we hold that [Territorial Court Rule] 64 shall guide the Small Claims judge in considering an application to vacate a default judgment." *Id.* at 383. There, this Court reversed a default judgment entered against the restaurant after its representative failed to appear to trial. According to the restaurant's representative, he forgot about the trial after taking his sick child home from school. *See id.* at 382. Irizarry's excuse for failing to appear in this matter is certainly more meritorious than that of the appellant in *Ryans Restaurant.* Here, Irizarry had informed the trial court of his situation before the trial date and properly requested a continuance.

"It is the role of the judge in a small claims action to achieve substantial justice, even if it means that a liberal reading would afford relief to a pro se small claims litigant which would not be available to a pro se or other litigant in the Civil Division of the Territorial Court." *Id.* at 383. As courts in this jurisdiction generally disfavor default judgments and prefer to decide controversies on their merits, the trial court should have ruled on and vacated its default judgment. *See id.* (citing *Skinner v. Guess,* 27 V.I. 193, 196, 1992 WL 100281 (D.V.I.App.Div.1992)).[6] Accordingly, this Court will vacate the default judgment and remand this matter back to the Territorial Court for a trial on the merits.

## ORDER

For the reasons set forth in the accompanying memorandum of even date, it is hereby

**ORDERED** that this matter is remanded back to the Territorial Court for a new trial.

---

6. The trial court also erred in requiring Irizarry to provide meritorious defenses for his motion for reconsideration. As noted by this Court in *Ryans Restaurant,* "there is no requirement in the Small Claims Division under [Territorial Court Rule] 62 to submit an answer or other responsive filing that may indicate the existence of a meritorious defense." *See Ryans Restaurant,* 949 F.Supp. at 383. We found this to be strong evidence of "the preference for resolving controversies on the merits rather than by default." *Id.*