IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

October 06, 2020

TAMARA CHARLES
CLERK OF THE COURT



**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| MAGENS INTERVAL RESORT, INC., d/b/a MAGENS BAY VILLAS CLUB,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM K. HART and ANDREA B. HART,<br><br>Defendants. | ST-15-SM-431<br><br>Action for Debt |
| TROPIC LEISURE CORP d/b/a MAGENS BAY VILLAS CLUB,<br><br>Plaintiff,<br><br>vs.<br><br>VERNON COY AND ARNETIA ROBINSON,<br><br>Defendants. | ST-15-SM-580<br><br>Action for Debt |
| TROPIC LEISURE CORP d/b/a MAGENS BAY VILLAS CLUB,<br><br>Plaintiff,<br><br>vs.<br><br>GWENDOLYN JOHNSON-LAWYER,<br><br>Defendant. | ST-15-SM-581<br><br>Action for Debt |
| RESORT MANAGEMENT SERVICES, INC., d/b/a MAGENS BAY VILLAS CLUB,<br><br>Plaintiff,<br><br>vs.<br><br>BOBBY A. COLEMAN,<br><br>Defendant. | ST-16-SM-015<br><br>Action for Debt |
| RESORT MANAGEMENT SERVICES, INC., d/b/a MAGENS BAY VILLAS CLUB,<br><br>Plaintiff,<br><br>vs.<br><br>ARTHUR M. SCHERR AND LINDA SCHERR,<br><br>Defendants. | ST-16-SM-017<br><br>Action for Debt |
| MAGENS INTERVAL RESORT, INC., d/b/a MAGENS BAY VILLAS CLUB,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN T. MAVROS,<br><br>Defendant. | ST-16-SM-097<br><br>Action for Debt |
| RESORT CONSULTING SERVICES, d/b/a MAGENS BAY VILLAS CLUB,<br><br>Plaintiff,<br><br>vs.<br><br>DELOIS COLEMAN,<br><br>Defendant. | ST-16-SM-205<br><br>Action for Debt |

**Cite as: 2020 VI Super 86**

## MEMORANDUM OPINION AND ORDER

**CARR, H.,** *Magistrate Judge*

¶1　**THESE SMALL CLAIMS MATTERS** are before the Court on a June 29, 2020 letter from John Jureidini, who, pursuant to the Court's December 20, 2019 Order in these matters, was deemed unqualified to appear before the Court as personal representative for the Plaintiff companies in small claims cases pursuant to V.I. CODE ANN. tit. 4 § 112(d). In his letter, Jureidini writes that he has recently been appointed Vice President "of all of the companies that make up Flamboyan on the Bay Resort", and as such meets the requirements to act as personal representative for Plaintiffs in small claims matters. He requests that the Court approve him as a proper personal representative of the Plaintiff companies and further asks that all matters already filed by Plaintiffs with the Court be scheduled for hearing dates. Upon review of Jureidini's letter and of the orders previously issued in these cases, the Court finds that, despite his appointment as Vice President of Magens Interval Resort, Inc., Jureidini remains ineligible to act as Plaintiffs' personal representative in small claims court. Additionally, the Court finds that Plaintiffs have failed to comply with the decrees of its previous Orders in these matters, and therefore the cases will be dismissed without prejudice.

## BACKGROUND

¶2　These matters are only a sampling of the many dozens of matters filed in this Court between 2013 and 2018 by John Jureidini on behalf of several plaintiffs, including Tropic Leisure Corp., Magens Interval Resort Inc., Resort Management Services Inc., Magens Point Inc., and Resort Consulting Services Inc. Michael Shelby is the president of all Plaintiff companies. Both at the time of filing and at the time of hearing all of the cases filed by John Jureidini, Jureidini was working for Plaintiff companies on a contingency basis, having been hired by Shelby as an independent contractor to bring cases to court on behalf of the Plaintiffs. If Jureidini successfully recovered money in a case, he and Shelby would split the recovered profits 50/50; if he was unsuccessful, he would be paid nothing.

¶3　Due to a combination of circumstances, including stays and vacated default judgments, the present matters were delayed for a number of years and came on for a status hearing before the undersigned Magistrate on November 26, 2019. In its October 21, 2019 Order setting the status hearing, the Court ordered that, prior to any scheduled hearing, the person appearing on behalf of Plaintiffs must demonstrate that he was authorized and qualified to act as the personal representative for the Plaintiff companies.

¶4　On November 6, 2019, Jureidini submitted to the Court a letter dated October 30, 2019, with a letterhead reading "Flamboyan on the Bay." Attached to the letter, among other documents, was a Power of Attorney signed by Shelby, purporting to give Jureidini the authority to act in "any… legal proceeding" on his behalf. In a November 18, 2019 Order, the Court found that the Power of Attorney was insufficient to render Jureidini qualified to act as personal representative for Plaintiffs, as Jureidini did not meet the definition of "personal representative" under 4 V.I.C. § 112(d) as interpreted by Virgin Islands courts. *See Ryans Restaurant, Inc. v. Lewis*, 35 V.I. 187, 190 n.4 (D.V.I. 1996) (A corporation may be represented in the Small Claims Division by "an

officer or shareholder."); *Gil Ron Jewelry v. Diamond World,* V.I. Super. Ct. Consolidated Case Nos. ST–11–SM–380, ST–11–SM–381, ST–11–SM–385, ST–11–SM–391 2011 V.I. LEXIS 79, at \*10 (V.I. Super. Ct., Nov. 8, 2011) ("[I]n addition to agents that naturally can bind the entities they represent", it is "reasonable and necessary to include individuals with regular and on-going relationships to a business entity or other association, usually full-time employees, within the definition of 'personal representative'."). The Order stated that either the Plaintiffs must provide an alternative and suitable personal representative to the Court or Jureidini must provide additional evidence proving his suitability before any scheduled hearing could go forward.

¶5    On November 26, 2019, Jureidini appeared in Court for the scheduled status hearing. He had not yet received a copy of the November 18, 2019 Order and therefore had not brought additional evidence demonstrating his qualifications to act as Plaintiffs' personal representative in small claims court. The Court questioned Jureidini regarding his relationship with Plaintiffs, then took the matter under advisement. The next day, November 27, 2019, Jureidini submitted a letter to the Court with further assertions in support of his argument that he met the requirements of a personal representative.

¶6    Upon consideration of Jureidini's testimony in Court and of his subsequent letter, the Court entered an Order on December 20, 2019 finding that Jureidini had again failed to sufficiently prove that he had the requisite authority under Virgin Islands law to act as a personal representative to Plaintiffs. The Order included the following decrees:

> [I]t is
>
> **ORDERED, ADJUDGED AND DECREED**, that the Plaintiffs **MAY NOT APPEAR** through John Jureidini as personal representative; and it is
>
> **ORDERED, ADJUDGED AND DECREED**, that the Plaintiffs shall **AMEND** their Complaints in order to name an eligible personal representative or representatives who meet requirements consistent with this Court's November 18, 2019 Order, to represent the Plaintiffs in each of these matters[.]

¶7    Jureidini did not receive a copy of the Court's December 20, 2019 Order until February 27, 2020, when court staff sent him a Certified True Copy of the Order both by mail and by electronic mail. Also on February 27, 2020, Jureidini submitted a letter to the Court asking that these matters be scheduled for hearings. Upon review of the letter, the Court issued a new Order, dated March 19, 2020 and entered on May 4, 2020, decreeing that

> the Plaintiffs shall **AMEND** their Complaints in accord with the requirements of the Court's December 20, [2019] Order **within thirty (30) days of receipt of this Order**, failing which the cases herein shall be **DISMISSED WITHOUT PREJUDICE**[.]

¶8    Both Michael Shelby and John Jureidini received the March 19, 2020 Order by certified mail on May 8, 2020. On June 3, 2020, Jureidini filed with the Court a Corporate Resolution from the Board of Directors of Magens Interval Resort, Inc. and a Certificate of Incumbency from Michael Shelby, both declaring that, pursuant to a Resolution adopted at a May 1, 2020 meeting of the Board of Directors, Jureidini was appointed "Vice President ('VP') of Collections for the

Corporation", namely, Magens Interval Resort, Inc. Jureidini subsequently submitted a letter to the Court on June 29, 2020, requesting the Court's approval of his qualifications to appear as a personal representative for Plaintiff companies in small claims matters. As explained below, the Court finds that Jureidini has yet again failed to meet the qualifications of a personal representative under Virgin Islands law.

## DISCUSSION

¶9 The Virgin Islands Code identifies and limits those who may come before the Court in small claims matters in the territory: "[no] party may be represented by counsel and parties shall in all cases appear in person except for corporate parties, associations and partnerships which may appear by a *personal representative*." V.I. CODE ANN. tit. 4, § 112(d) (emphasis added). As the Court has explained in previous Orders in this matter, local courts have interpreted "personal representative" as an individual who falls into one of two categories: (1) an officer or shareholder (*See Ryans Restaurant, Inc.*, 35 V.I. 187, 190 n. 4 (D.V.I. 1996)), or (2) "individuals with regular and on-going relationships to a business entity or other association, usually full-time employees," who possess "written authorization from the entity that the individual may prosecute or defend the action before the Small Claims Division." *Gil Ron Jewelry*, 2011 V.I. LEXIS at *10. In order to properly bring these matters before this Court as a representative for Plaintiffs, Jureidini would need to fit within one of these two categories. The Court will examine each of the two considerations separately.

### I. Officer

¶10 The most suitable option for a personal representative of a corporation in small claims matters in the Virgin Islands is an agent who "naturally" possesses the authority to bind the corporation, "[f]or example, officers of a corporation, especially the president[.]" *Id* at *8. The District Court of the Virgin Islands has described "personal representative" in the context of small claims matters as meaning "an officer or shareholder" of a corporation. *Ryans Restaurant, Inc.*, 35 V.I. 187 at 190 fn. 4. Only upon recognizing that "many businesses, including corporations and limited liability companies, doing business in the Virgin Islands may not have officers, members, managers, etc. here [in the territory]" have courts found it "reasonable and necessary to include individuals with regular and on-going relationships to a business entity or other association, usually full-time employees, within the definition of 'personal representative[.]'" *Gil Ron Jewelry*, 2011 V.I. LEXIS at *9-10. However, for those corporations that *do* have officers in the territory, such individuals would be the first choice to act as personal representative, *especially the president.*

¶11 In the present matters, Shelby is the president of all Plaintiff companies. Under the bylaws of Resort Management Services, Inc., he is the "principal executive officer of the corporation" and bears the responsibility to "supervise and control all of the business and affairs of the corporation." He testified before this Court on November 26, 2019 that he has been the president of Plaintiff companies since 1986 and that he also acts as chairman of the board of directors for the companies. Shelby is also a long-time resident of the Virgin Islands. He is, in short, the obvious candidate to be personal representative for Plaintiffs in small claims court: his position as president gives him the natural authority to bind Plaintiffs, his long-time relationship with Plaintiffs allows him the ability to engage knowledgeably on their behalf before the Court, and his local residency enables

him to appear in court without undercutting the policy of allowing for "easy and inexpensive access" to the Small Claims Division. *Id* at *9.

¶12    Conversely, Jureidini does not have the natural authority to bind Plaintiffs. In letters written to the Court on October 30, 2019, November 27, 2019, and February 27, 2020, he identified himself as "Plaintiff's Representative and Collections Manager" for Flamboyan on the Bay Resort. Then, in a June 29, 2020 letter to the Court, Jureidini stated that he had submitted "the Corporate Resolutions and Certificate of Incumbency that appoint [Jureidini] as Vice President of all the companies that make up the Flamboyan on the Bay Resort (FOTB)." He signed off as "John Jureidini, Vice President, Tropic Leisure Corp, Magens Interval Resort, Resort Management Services[.]" However, the Corporate Resolution and Certificate of Incumbency, filed with the Court on June 3, 2020, both described Jureidini as "Vice President ('VP') of Collections" for *Magens Interval Resort, Inc.* Only two of the seven matters presently before this Court were brought by Magens Interval Resort, Inc.; the others were brought by Tropic Leisure Corp, Resort Management Services, Inc., and Resort Consulting Services. Each matter was brought under the name of the company identified in the timeshare agreement central to that particular matter. The Court can find no submitted document showing that all Plaintiff companies are under a parent corporation, or that Jureidini has been appointed the vice president of any of Plaintiff companies other than Magens Interval Resort, Inc. Therefore, there is no evidence that Jureidini is an officer of all Plaintiff companies.

¶13    However, even if Jureidini presents further documentation showing that he is now the vice president of all Plaintiff companies, the Court finds that such appointment would not render him an "officer" who could rightly act as personal representative for Plaintiffs under Virgin Islands law. First, as described above, a company president who is also a resident of the territory is the quintessential candidate to act as personal representative for his company without making it unduly difficult or expensive for the company to have its day in small claims court. Shelby, therefore, remains the ideal choice for the task. Jureidini, meanwhile, resides in Virginia and must schedule his appearances in court in the Virgin Islands accordingly. Additionally, the bylaws of Resort Management Services, Inc., describe the role of the vice president as follows:

> In the absence of the president or in the event of his death, inability or refusal to act, the vice-president shall perform the duties of the president, and, when so acting, shall have all the powers of and be subject to all of the restrictions upon the president. The vice-president shall perform such other duties as from time to time may be assigned to him by the president or by the directors.

¶14    It is the president, not the vice president, who has the authority to appear before this Court if he is neither absent nor unable to do so. In these matters, the Court has received no evidence that Shelby is unavailable or incapacitated in any way from appearing as representative for Plaintiffs himself, and he therefore remains the appropriate representative. Moreover, the fact that the president or the directors can assign the vice president other duties does not mean that such duties are automatically legal for him to perform. For example, Shelby cannot assign Jureidini responsibilities that would cause him to engage in the unauthorized practice of law, as the Court will explain further below.

¶15    Second, the Court finds that the May 1, 2020 appointment of Jureidini as Vice President of Collections for Resort Management Services, Inc. is only a nominal, rather than a substantive,

change in the nature of his relationship with the Plaintiffs. In its December 20, 2019 Order, the Court found that Jureidini's relationship with Plaintiff companies was similar to that of an independent contractor, as evidenced by Jureidini's own testimony at the November 26, 2019 status hearing, which included assertions that: (1) he contacted clients who were delinquent in their fees and, if they refused to pay, filed complaints against them for debt in small claims court; (2) he had the authorization to settle suits at his own discretion; and (3) no written document existed setting out or defining the arrangement between Jureidini and the president of the Plaintiff companies, Shelby. Jureidini acknowledged under oath that his only connection to the Virgin Islands was his responsibility of "collecting these overdue amounts and/or appearing in small claims court" for Plaintiff companies. Tr. at 10, Unofficial Transcript of November 26, 2019 Status Hearing.

¶16    Compare the above responsibilities with the description of the duties of the vice president, as described in the Corporate Resolution dated May 1, 2020 declaring Jureidini Vice President of Collections of Resort Management Services, Inc.:

> As VP, [Jureidini] will be responsible for: 1. Reviewing all delinquent Corporate accounts receivable. 2. The VP will advise the President/CEO of the accounts he recommends that should be pursued further, settled, or dropped. 3. If approved by the President, he will contact the delinquent account holders and attempt to resolve any issues with the account and bring it current. 4. If the VP and President determine it is not possible bring [sic] the accounts current through rescheduling, forgiveness, voluntary payment or other methods, VP will assist the Corporation and corporate counsel in preparing further legal actions. 4. The VP of Collections has full authority appear [sic] in Court as the Corporate Representative in collections cases.

¶17    The Court can find no distinction between the responsibilities described in the Corporate Resolution and those Jureidini held before his appointment as Vice President of Collections; the only change is in Jureidini's title. Indeed, it appears to the Court that, upon receiving the Court's previous Orders outlining the various ways in which Jureidini did not meet the requirements of a "personal representative," the Plaintiffs simply named Jureidini an officer of Resort Management Services, Inc. in order to bypass the substance of the Court's objections but neglected to make any effort to change the nature of his duties.

¶18    The Court cannot ignore these circumstances surrounding Jureidini's appointment to the office of vice president in considering the validity of such title. Neither can it dismiss the fact that Jureidini filed all of the matters in which he purports to represent Plaintiffs long before such appointment, when he still had no such official relationship with Plaintiffs. These matters were filed and progressed through the court system years before Jureidini was named any sort of officer, meaning that even if he *did* have the authority as an officer to bring them now, he certainly did not have that authority when he filed and appeared for the cases.

¶19    Even now, the Court finds that Jureidini's sudden appointment gives him no additional authority to act as personal representative for Plaintiffs. Both the timing of Jureidini's appointment (less than two months after the Plaintiffs' receipt of the Court's December 20, 2019 Order directing them to name an appropriate officer or other employee as personal representative) and the lack of any change in the description of his duties make it clear that his promotion was tantamount to a

sham upon the Court, directly and solely intended to allow Jureidini to represent the Plaintiffs in court in small claims cases, despite addressing none of the Court's substantive concerns with Jureidini's fitness to act as personal representative. The Court is disinclined, to say the least, to reward such tactics.

¶20    The Court is likewise concerned, as mentioned above, that such tactics amount to an ongoing attempt to allow Jureidini to engage in the unauthorized practice of law in the territory. In support of such a premise, the Court must observe, as it has in previous Orders in these matters, the striking similarities between the facts of these matters and those of *Gil Ron Jewelry v. Diamond World*, a collection of consolidated small claims cases filed and represented by Arthur Newman. Newman was neither an employee nor an officer of the plaintiff companies he purported to represent in small claims matters; rather, he merely "enter[ed] into a contract with the client, on a contingency fee basis, to perform legal services – to prepare and file pleadings and to represent the client before the Superior Court." *Gil Ron Jewelry v. Diamond World*, 2012 V.I. LEXIS 81 at *3 (V.I. Super. Ct., Feb. 27, 2012). Magistrate Alan Smith found Newman unqualified to act as a personal representative in the matters and Judge Michael C. Dunston, in affirming the finding on appeal, observed that "it is hard to imagine a more evident example of the unauthorized practice of law", which is prohibited in the Virgin Islands, than Newman's attempts to represent plaintiffs in small claims cases without possessing the proper authority to do so. *Id.*

¶21    As expressed in its earlier Orders, the Court finds Jureidini's position to be substantially similar to that of Newman, a determination that has not changed with the change in Jureidini's title, as there is no evidence that he no longer works "on a contingency fee basis" for Plaintiffs to "prepare and file pleadings to represent the client" in small claims matters and to otherwise "perform legal services" that are prohibited in small claims court. *Id.* Therefore, the Court finds that, like Newman, Jureidini's appearance for Plaintiffs has constituted, and continues to constitute, despite his new position, the unauthorized practice of law in the Virgin Islands.

¶22    Balancing "the policy against the unauthorized practice of law" and "the policy to allow parties to have access to the small claims court in a simple and inexpensive manner" is the ultimate goal of Virgin Islands courts in demarcating a perimeter around the group of acceptable personal representatives in small claims matters. *Gil Ron Jewelry*, 2011 V.I. LEXIS at *5. The policy against the unauthorized practice of law is found in 4 V.I.C. § 443:

> Except as otherwise provided by law or rule of court … the unauthorized practice of law shall be deemed to mean the doing of any act by a person who is not a member in good standing of the Virgin Islands Bar Association for another person usually done by attorneys-at-law in the course of their profession, and shall include but not be limited to … the appearance, acting as the attorney-at-law, or representative of another person, firm or corporation, before any court, board, judicial person or body authorized or constituted by law to determine any question of law or fact or to exercise any judicial power, or the preparation and/or filing of pleadings or other legal papers incident to any action or other proceeding of any kind before or to be brought before the same.

¶23    The rule is absolute but for a single exception: that of 4 V.I.C. § 112(d), allowing a personal representative to represent corporations in small claims matters. And that exception is narrow and intended only to allow "easy and inexpensive access" to small claims court in instances in which

such access would otherwise be hindered by same rule, such as when a corporation attempting to bring a claim does not have "officers, members, managers, etc. here" in the Virgin Islands. *Gil Ron Jewelry*, 2011 V.I. LEXIS at *9. However, as observed above, this is clearly not one of those instances. Shelby, president of all Plaintiff companies, resides in the territory and has the clear natural authority to bind Plaintiffs. Therefore, to allow Jureidini to act as personal representative for Plaintiff companies would be to allow an individual without an attorney's license to practice law within the Virgin Islands.

¶24    The policy interests against such an event are many, but perhaps the strongest are those directly related to regulatory concerns. As Magistrate Smith observed in *Gil Ron Jewelry*, "'[T]he [Virgin Islands] Supreme Court has exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted to the practice of law' in the territory and has promulgated a comprehensive set of rules governing admission, practice, and discipline of attorneys." *Id.* at *6-7 (*citing* 4 V.I.C. § 32(e) *and, e.g.,* SUPER. CT. R. 204.) (SUPER. CT. R. 204 has since been repealed by the Virgin Islands Rules of Probate and Fiduciary Proceedings and replaced by V.I. R. PROB. 18. *See In re Adoption of V.I. R. of Probate and Fiduciary Pro.*, Promulgation 2019-005, 2019 V.I. Supreme LEXIS 16 (V.I. Feb. 28, 2019)). To allow Jureidini to act as personal representative "merely by virtue of his authorization from the entities to appear for him" and because of his recent and sudden title of vice president would be to find that "any individual who is not an attorney licensed to practice law, regardless of how little on-going and regular affiliation he or she has with the entities, could effectively practice law in the Small Claims Division." *Gil Ron Jewelry*, 2011 V.I. LEXIS at *8. As Magistrate Smith stated in finding Newman unfit to act as a personal representative, such an allowance would

> constitute a blatant violation of [4 V.I.C. § 443(a)] and result in an absurd and irrational interpretation of the exception to [4 V.I.C. § 443(a)] that is carved out in [4 V.I.C. § 112(d)]. To avoid this absurd and irrational result, those eligible to be a "personal representative" must necessarily be restricted to a more limited class of persons.

*Id.* Therefore, the Court must be conservative in finding individuals who meet the narrow exception to Section 443(a). And upon review, the Court cannot find that Jureidini's relationship with Plaintiff companies places him in the "limited class of persons" with the natural authority to bind Plaintiff companies and therefore with the authority to act as personal representative for Plaintiffs in the Small Claims Division.

## II.    Regular and Ongoing Relationship

¶25    Although Jureidini has failed to demonstrate to the Court that he is a proper "officer" of Plaintiff companies with the natural authority to act as personal representative, he may still act as representative if he fits within the *other* possible set of candidates: that of individuals with "regular and on-going relationships to a business entity or other association, usually full-time employees." *Id.* at 10. However, as stated in its December 20, 2019 Order in this matter, this Court has found that Jureidini has neither a regular and on-going relationship nor an employer-employee relationship with the entities he claims to represent. Jureidini's own testimony at the November 26, 2019 status hearing included various details evidencing that the nature of his work for the Plaintiffs was more like that of an independent contractor: (1) Jureidini had the authorization to settle suits at his own discretion; (2) he and Shelby drafted no written document setting out or

defining their arrangement; (3) he did not receive a Form W-2 from the Plaintiffs when filing taxes, as would be expected in an employer-employee relationship, but rather a Form 1099-MISC, used to identify "miscellaneous" income; (5) he did not live in the Virgin Islands and had not done so for several years, having moved to Richmond, Virginia with his wife in 2014; and (6) he had few connections to the territory aside from his work collecting debts for Plaintiffs, as he gave up his V.I. driver's license for a Virginia one shortly after moving in 2014, had paid Virginia taxes, not V.I. taxes, for the past several years, was registered to vote in Virginia, owned no property in the V.I., and performed most of the work done on the small claims matters he filed from Virginia. In fact, Jureidini acknowledged under oath that his only connection to the territory was his responsibility of "collecting these overdue amounts and/or appearing in small claims court." Tr. at 10, Unofficial Transcript of November 26, 2019 Status Hearing. He had no other significant relationship with either the territory or the Plaintiffs. The Court found it evident upon such facts that Jureidini's tenuous relationship with Plaintiffs was neither regular and ongoing nor that of an employee.

¶26    Despite Jureidini's appointment as Vice President of Collections for Magens Interval Resort, Inc. on May 1, 2020, his relationship with Plaintiffs, as explained above, does not appear to have changed in any substantive way since the Court last examined it in its December 20, 2019 Order. There is no evidence to suggest that Jureidini is not still paid on a contingency-fee basis; he still resides in Virginia and has made no indication of an intention to relocate to the Virgin Islands; and he has still provided no evidence of the nature of his relationship with certain of the various Plaintiffs, including Tropic Leisure Corp, Resort Management Services, Inc., and Resort Consulting Services. The Court cannot find in these facts any evidence of a regular and ongoing relationship with Plaintiffs, much less that of a full-time employee. Instead, taken in totality, they place Jureidini firmly in a role comparable to that of an independent contractor, which does not fit into the narrow definition of those identified in *Gil Ron Jewelry* as having the authority to act as personal representatives for corporations in small claims matters. *See Gil Ron Jewelry*, 2011 V.I. LEXIS at *9-10. As such, to allow him to represent Plaintiff companies in small claims court would violate the territory's prohibition against the unauthorized practice of law.

### III.    Failure to Amend Complaints

¶27    Setting aside the Court's finding that Jureidini is still prohibited from representing Plaintiff companies in small claims matters, the Court also finds that the Plaintiffs have objectively failed to meet the requirements of both the Court's December 20, 2019 and March 19, 2020 Orders. The Court explicitly decreed in its December 20, 2019 Order that the Plaintiffs "**MAY NOT APPEAR** through John Jureidini as personal representative" but must instead "**AMEND** their Complaints in order to name an eligible personal representative or representatives who meet requirements consistent with this Court's November 18, 2019 Order". The Court reiterated these decrees in its March 19, 2020 Order, stating that the Plaintiffs must "**AMEND** their Complaints in accord with the requirements of the Court's December 20, [2019] Order **within thirty (30) days of receipt of this Order**, failing which the cases herein shall be **DISMISSED WITHOUT PREJUDICE**[.]" Representatives for Jureidini and the Plaintiffs received the March 19, 2020 Order on May 8, 2020. To date, Plaintiffs have not amended their complaints and continue to seek to appear through John Jureidini rather than through a qualified alternative representative. Therefore, in accordance with the December 20, 2019 and March 19, 2020 Orders, the cases herein must be dismissed without prejudice.

¶28    Although the present matters are to be dismissed, the Court wishes to emphasize to Plaintiffs that they are in no way being denied access to the Virgin Islands court system; rather, their access is merely being circumscribed in a minor way.  The substance of this Order – and, indeed, of the previous two Orders entered in these matters – is the determination that John Jureidini, specifically, cannot rightfully act as personal representative for Plaintiff companies in small claims matters in this territory.  However, this single limitation leaves Plaintiffs with myriad other options, including refiling these matters in the regular civil division, in which case they may be represented by an attorney, or presenting an alternative, qualified personal representative from within their ranks to legally represent them in small claims court without engaging in the unauthorized practice of law.  *See Gil Ron Jewelry*, 2012 V.I. LEXIS 81 at *9-10.  Plaintiff companies have a right to their day in court, and the Court invites them to seek same in adherence with the laws of the territory.

## CONCLUSION

¶29    Jureidini has failed to adequately demonstrate to this Court that he has the requisite authority to act as a "personal representative" to Plaintiffs in the present matters and that he is not engaged in the unauthorized practice of law in the Virgin Islands.  Furthermore, Plaintiffs have failed to amend their complaints in contravention of both the Court's December 20, 2019 and March 19, 2020 Orders, and these must matters must therefore be dismissed.

¶30    The Court being fully satisfied in the premises, it is hereby

**ORDERED, ADJUDGED AND DECREED** that these matters are **DISMISSED WITHOUT PREJUDICE**; and it is

**ORDERED, ADJUDGED AND DECREED** that a copy of this Order shall be directed to John Jureidini by electronic mail at john@flamboyanresortvi.com; the parties herein; Department of Licensing and Consumer Affairs General Counsel, Frederick Norford; Department of Licensing and Consumer Affairs District Counsel, Ann Cecile O'neill, by electronic mail at Cecile.Oneill@dlca.vi.gov; Clerk of the Court, Tamara Charles; Court Clerk Supervisor, Donna Donovan; and General Counsel of the Superior Court, Paul Gimenez.

DATED: October 6, 2020

HENRY V. CARR, III
Magistrate Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: 

**COLLEEN SALEM**
Court Clerk Supervisor 10/6/2020